# POOLE *v.* JACKSON.

## (*Jackson.*   June 22, 1893.)

1. ASSIGNMENT OF ERROR.   *Insufficient, when.*

   An assignment of error that " the verdict is against the evidence, which largely preponderates against the finding of the jury," is bad, in not stating that there is no evidence to support the verdict.   (*Post, p. 65.*)

2. EVIDENCE.   *Irrelevant, when.*

   In suit against a city for injuries resulting to plaintiff from an alleged defective sidewalk, it is irrelevant for plaintiff to testify on his own behalf that he borrowed the money to build certain houses, as to the erection of which another witness had incidentally testified.   (*Post, pp. 65, 66.*)

3. SAME.   *As to condition of sidewalk.*

   In suit against a city for personal injuries resulting to the plaintiff from an alleged defective sidewalk, it is competent to prove, on behalf of the city, that the sidewalk was laid down in the ordinary way, and constructed out of sound and suitable material, as tending to rebut notice of defects by the city authorities.   (*Post, pp. 66, 67.*)

4. SAME.   *Same.*

   And it is likewise competent, in such case, to prove, on behalf of the city, that the sidewalk was in apparently safe condition, as tending to rebut constructive notice of defects therein.   (*Post, p. 67.*)

   Cases cited : Poole *v.* Jackson, 91 Tenn., 457; 30 Ind., 235; 83 Ind., 566.

5. CHARGE OF COURT.   *As to city's liability for injuries resulting from defective sidewalks.*

   The Court's charge in a suit against a city for personal injuries resulting to plaintiff from a defective sidewalk is not erroneous, being properly qualified in other portions of the charge, when given in this language, viz.: "The defendant is not an insurer against accidents upon its streets and sidewalks, but is bound to keep them in a reasonably safe condition, but not absolutely so.   Its duty is only to see that sidewalks and streets are reasonably safe for persons traveling on them while exercising ordinary care and caution.   It is only bound to use ordinary care and attention to keep its streets and sidewalks in a

Poole *v.* Jackson.

reasonably safe condition for persons traveling in the ordinary modes, by night as well as by day, while exercising reasonable care and caution." (*Post, p. 68.*)

Case cited and approved: Poole *v.* Jackson, 91 Tenn., 457.

6. SAME. *Same. Actual notice of defects.*

The Court's charge, in such case, defining actual notice of defects, is correct in this language, viz.: " By actual notice is meant that, if there was a defect in the sidewalk, and some member of the Board of Mayor and Aldermen, or some agent or employe of the defendant whose duty it was to keep, or see the streets were kept, in repair, saw it, or that some one notified or informed them or some of them of its existence." (*Post, p. 68.*)

7. SAME. *Same. Constructive notice of defects.*

The Court's charge, in such case, defining constructive notice of defects, is correct in this language, viz.: " By constructive notice is meant that, if there was a defect in the sidewalk, and that the defect was so patent and obvious as to be generally noticed by persons passing over it, and this continued to exist for such a length of time prior to the time of the alleged accident as that it might be reasonably inferred that some member of the Board of Mayor and Aldermen, or employe of defendant whose duty it was to keep the streets in repair, had notice of such defects." (*Post, pp. 68, 69.*)

8. SAME. *Same. Notice unnecessary.*

The Court's charge, in such case, that no other proof of notice, actual or constructive, of defects is required if the sidewalk causing plaintiff's injury was originally laid down in a defective condition, and so remained until the injury, is correct. (*Post, p. 69.*)

9. SAME. *Refusal of special request.*

The refusal of the Court to give special requests in charge to the jury is not erroneous, when the original charge is full and correct, and covers the matter embraced in the requests. (*Post, p. 70.*)

---

FROM MADISON.

---

Appeal in error from Circuit Court of Madison County. L. S. WOODS, J.

Poole *v.* Jackson.

HAYNES & HAYS for Pool.

CARUTHERS & MALLORY and McCORRY & BOND for Jackson.

A. D. BRIGHT, Sp. J. This is an action for damages against the city of Jackson, Tenn., brought by plaintiffs for alleged injuries to Mrs. Pool, by having her arm broken, etc., being thrown down by a defective plank walk. The damages claimed in the declaration is $10,000.

There are three counts in the declaration, setting forth the cause of action with great minuteness. The first count, in short, is for wrongfully and negligently suffering a dangerous hole to be and remain on and across College Street, and to remain out of repair, with notice to the city, etc. The second count, same as first, but adding "without lights," etc. The third count, same as first, but adding allegations "that defendants did negligently build, construct, and place down the defective foot crossway," etc.

The defendant pleaded not guilty, and issue was joined on the plea.

This cause has been tried three times. First time at the May term of 1891, of Circuit Court. Verdict for defendant. A new trial was granted by the trial Judge on account of improper conduct of the jury. The second trial was had at the September term, 1891, of said Court, and resulted in a verdict and judgment for three thousand dollars, in favor of the plaintiff, which

was, on appeal to this Court by the defendant, reversed and remanded for errors as set out in the opinion of this Court by Justice Lea, reported in 7 Pickle, pages 448 *et seq.* The cause was again tried at the January term, 1893, of the Circuit Court, and resulted in a verdict for the defendant.

Plaintiff's motion for a new trial being overruled by the Court, an appeal in error was prayed for and granted to this Court, and is before us for determination.

The plaintiffs have assigned numerous errors. The first error assigned is that "the Court erred in not granting a new trial on the facts; that the verdict is against the evidence, which largely preponderates against the finding of the jury." This assignment of error is not well taken. It does not state there is no evidence to support the verdict, but presupposes that there is evidence to support the verdict of the jury; and there is ample evidence found in the record to support the verdict.

The second assignment of error is that "the Court erred in sustaining defendant's exceptions to plaintiff's testimony as to borrowing money from the building and loan association, etc., with which to build certain houses."

Witness Haughton, in his cross-examination, in stating for whom he had worked, stated he had worked for Mrs. Pool, and, among other work done for her, he had helped to build three houses for her.

Mrs. Pool, while on the witness-stand, was asked by plaintiff's attorney "where she got the money

to build these houses." She answered, "From the
building and loan association," which was objected
to by the defendant, and objections sustained by
the Court; and this is assigned as error. This
testimony was clearly irrelevant, not tending to elu-
cidate any issue in the case, and wholly immaterial,
and was very properly excluded by the Court.

The third assignment of error is in overruling
plaintiff's exceptions to the admission of the tes-
timony of John W. Gates, J. T. Beveridge, S. C.
Lancaster, H. C. Irby, W. C. Cason, H. C. Jame-
son, J. H. Duke, John T. Stark, L. B. Shelton,
W. F. Price, and G. H. Ramsey.

Gates testified that this walk, where the injury
was alleged to have occurred, "was laid in the or-
dinary way walks were laid in the city." Bev-
eridge testified that the "planks were laid of good,
sound timber, usual and customary." This testi-
mony was not incompetent; it was only intended
by this to show that the walk, when originally
laid, was not defectively done; and that this walk
was laid like all other walks of the city, and of
good, sound timber, etc.

We have very carefully read the testimony of
these witnesses, and can find no real objections to
their testimony as admitted by the Court. Much
of their testimony was, upon objections of the
plaintiff, excluded by the Court from the jury.
The controversy just here was an attempt on the
part of the plaintiff to fix constructive notice upon
the defendant that the said sidewalk was out of

Poole *v.* Jackson.

repair, and that the defect in it was of such a nature and duration as to give constructive notice of same to the defendant; and, to rebut the contention of constructive notice, this testimony was admissible. It is not, nor does it assume to be, an opinion whether the walk was safe or unsafe. The testimony complained of was the question put to these witnesses: "State whether or not the walk was in an apparently safe condition at and before the time of the accident, when you examined it." It was competent to prove that the sidewalk was in an apparently safe condition at and before the time of the accident, in order to show that, from ·its apparent condition, the defendant would not be chargeable with constructive notice of its being defective or out of repair; and for this purpose it was admissible, and so limited and admitted by the Court. Wharton on Ev., Sec. 512; Stevens on Ev., Sec. 103; 30 Indiana, 235; 83 Indiana, 566.

This Court in this case, in 7 Pickle, 457, said: "The corporation is not required to take up and examine, from time to time, all the plank walks in the city lying on the ground, when the same is *apparently in good condition.*" The Court further said in that case: "A corporation may be liable for latent defects over dangerous structures or over dangerous places, and the same should be inspected from time to time, but this cannot apply to a plank sidewalk on the ground." 7 Pickle, 457.

We therefore overrule this assignment of error.

The fourth assignment of error is in regard to

the charge of the Court, which is as follows: "The defendant is not an insurer against accidents upon its streets and sidewalks, but is bound to keep them in a reasonably safe condition, but not absolutely so. Its duty is only to see that sidewalks and streets are reasonably safe for persons traveling on them while exercising ordinary care and caution. It is only bound to use ordinary care and attention to keep its streets and sidewalks in a reasonably safe condition for persons traveling in the ordinary modes, by night as well as by day, while exercising reasonable care and caution."

This, when taken in connection with the whole charge, is not erroneous; it is almost, if not the identical charge on this point given in this case heretofore, which was passed upon and approved by this Court. 7 Pickle, 457; see also Dillon on Munic. Corp., 2d Ed., Sec. 789.

The charge of the Court, upon actual and constructive notice, is assigned as error. Upon these points the Court charged the jury as follows: "By actual notice is meant that, if there was a defect in the sidewalk, and some member of the Board of Mayor and Aldermen, or some agent or employe of the defendant whose duty it was to keep, or see the streets were kept, in repair, saw it, or that some one notified or informed them or some of them of its existence."

The Court charged as to constructive notice as follows: "By constructive notice is meant that, if there was a defect in the sidewalk, and that the

defect was so patent and obvious as to be generally noticed by persons passing over it, and this continued to exist for such a length of time prior to the time of the alleged accident as that it might be reasonably inferred that some member of the Board of Mayor and Aldermen, or employe of defendant whose duty it was to keep the streets in repair, had notice of such defects."

The Court further charged the jury that "if the proof should show that the sidewalk, where Mrs. Pool was hurt, was originally put down in a defective condition, and so remained in that condition from the time it was first put down until Mrs. Pool was injured, then no notice, either actual or constructive, was necessary to defendant; for, if thus defectively constructed, the defendant would be charged with notice from the time of its original defective construction."

The charge of the Court as to actual and constructive notice is correct, and he properly defines same, and explains it in a plain manner to the jury, so that they can easily understand it. On these points the charge is an apt statement of the law on the subject, and is well supported by principle and authority, as is also the charge as to original defective construction of the sidewalk. He tells the jury that if the sidewalk was originally put down in a defective condition, and so remained in that condition from the time it was first put down until Mrs. Pool was injured, then no notice, either actual or constructive, was necessary to defendant;

for, if thus defectively constructed, the defendant would be charged with notice from the time of its original defective construction. This is certainly correct, and is the law.

The fifth and last assignment of error is based upon the refusal of the Court below to give the special instructions as requested by the plaintiff. The charge of the Court is very full and comprehensive, covering fully the entire case, and is a fair and correct exposition of the law governing the case, leaving to the jury to pass upon the facts, applying the plain rules of law as laid down by the Court to the facts of the case. Most of the special requests, at least those at all applicable to the facts of the case, had already been embraced in the charge of the Court. The others, for obvious reasons, should not have been given.

It is unnecessary to discuss the evidence. This was a matter for the jury to weigh and consider. This they have done. The plaintiff, upon a full, fair, and correct charge of the Court, and without error in the admission or rejection of testimony, has submitted her case to a jury, and they have found the issue joined in favor of the defendant. She has had a fair and impartial trial, and the jury has returned a verdict in favor of the defendant, which verdict is well supported by the evidence. All of the assignments of error of plaintiff will be overruled.

There is no error in the record, and the case will be affirmed, with costs.