## OLIVER *v.* NASHVILLE.

### (*Nashville.*   January   19,   1901.)

1. NEW TRIAL.  *Objection to consideration of motion for, unavailing, when.*

   Objection to consideration of motion for new trial on account of failure to enter the motion, with specification of causes upon the motion docket as required by rule of Court, is unavailing in this Court to prevent consideration of the motion, where it does not appear that any action was invoked upon such objection in the lower Court, and the record entry overruling the motion sets out fully the grounds upon which a new trial was sought.   (*Post, pp. 274–276.*)

2. CHARGE OF COURT.  *Requests.*

   Although there is no express statement that requests for further instructions were presented after delivery of the general charge, it sufficiently appears that they were so presented, where they follow immediately after the general charge, and the Court indorsed upon them that they were declined because the propositions therein embodied had been sufficiently covered by the general charge.   (*Post, pp. 276, 277.*)

3. MUNICIPAL CORPORATIONS.  *Duty and liability as to streets.*

   It is the duty of a city to keep its streets open and in proper and safe condition for their entire width; and for injuries resulting from defects in any part of its streets to persons using them with due and proper care the city is liable.   (*Post, pp. 277, 278.*)

   Cases cited: State *v.* Barksdale, 5 Hum., 154; Nashville *v.* Brown, 9 Heis., 2; Niblett *v.* Nashville, 12 Heis., 684; Poole *v.* Jackson, 93 Tenn., 67.

4. SAME.  *Not liable for injury occurring on defective street by reason of injured party's fault.*

   Although the street of a city on which a party is injured is defective, the city is not liable for the injury, where he could,

22 P—18

Oliver v. Nashville.

by due care, have avoided injury from such defects, and brought the injury upon himself by his own reckless conduct. (*Post, p. 278.*)

5. SUPREME COURT.    *Will not reverse for error in charge, when.*

This Court will not reverse for error in the charge where it is absolutely clear that a correct result has been reached, and that another trial with a correct charge could not change this result.    (*Post, pp. 278–281.*)

Case cited: Jones v. Telephone Co., 101 Tenn., 443.

---

FROM    DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson County.  HON. J. W. BONNER, J.

WASHINGTON & ALLEN and W. M. PARHAM for Oliver.

E. A. PRICE and K. T. McCONNICO for City.

WILKES, J.  This is an action for damages for personal injuries claimed to have been sustained by the plaintiff, a minor, on account of the defective and unsafe condition of one of the streets of the city.

There was a trial before the Court and a jury in the Court below, and a verdict and judgment for the defendant, and the plaintiff has appealed and assigned errors.

Two preliminary questions are raised against any consideration of the assignments.  In the first

place, it appears that there is a rule in the
Court below that all motions for new trial, in
both jury and nonjury cases, shall specify the
errors claimed to have been committed on the
trial, and the ground upon which the motion is
based, which shall be entered upon the motion
docket and copied upon the minutes as they ap-
pear of record in the Court. There was an entry
upon the motion docket in substance as follows:
"Plaintiff will move for a new trial on the
grounds attached hereto." It is said in the argu-
ment, and the fact appears by affidavit in the
bill of exceptions, that it is a common practice
in the Court below to write out the grounds of
motion upon a separate slip of paper and pin or
attach such slip to the docket in connection with
the entry, and they are frequently, for conven-
ience of considering them, detached by counsel.
It appears that the entry was made April 28,
1900, and the motion for new trial was heard
5th of May, 1900, and at that time a minute
entry was made that the plaintiff had called up
the motion for new trial for hearing on the 3d,
upon the following grounds, setting out eight
grounds, which were then copied on the minutes
of the Court. It appears, therefore, that the
grounds urged for a new trial were regularly ar-
gued before and considered by the Court on the
motion for a new trial, and were regularly copied
on the minutes. Counsel for the city objected to

hearing the motion, but expressed a willingness for the motion to be heard on its merits, reserving the exception to the sufficiency of the motion, and to the power of the Court to hear the same upon the merits. The motion was then disposed of on its merits, and the exception which had been reserved was never acted upon, and there was no request for the ruling of the Court upon it. We think the objection made is more technical than meritorious. It is very evident that the Court considered the entire matter upon its merits, and that it had every opportunity to detect any error it may have committed.

In such case the defendant must be treated as having waived the formal technical objection made and to have consented to a hearing of the motion on the merits.

It is said in the next place that the special requests made do not, from the record, appear to have been made after the regular charge was delivered. It is true there is no express statement to that effect, but these requests follow immediately after the general charge, and the action of the Court shows quite clearly that they were made after the general charge, as in several instances the memorandum of the trial Judge is in substance, "declined, already charged in substance;" and again, "declined, charge sufficient." This assignment we do not consider as well made. The mere fact that the requests followed the charge

without more would not be sufficient. Upon the merits of the case there is difficulty. It is objected that there is positive error in the charge of the Court, as follows:

"The plaintiff insists that Cherry street, at or about the point of the accident, was not kept open to its full width as located by maps and surveys, and that along its western side the cross-ties of a spur track of a steam railway projected over the line of the street, and that the ends of these ties were covered with sand or dirt, thus creating an embankment, rendering travel along the street unsafe.

"The Court instructs you that the city was not required by law to keep Cherry street open and reasonably safe for travel through its entire width as fixed by survey." Several requests were made bearing upon this feature of the case, and the real matter of contention is whether a city is obligated to keep its streets open and safe for their entire width or only so far as may be reasonably safe and sufficient for the usage of the public.

As a general statement of law we are of opinion that the city is obligated to keep its streets open and safe and in proper condition for their entire width, and any one injured upon any part of the street, by reason of its defective condition, is entitled to damages, provided, the party injured was without fault. *State* v. *Barksdale,* 5 Hum.,

154; *Nashville* v. *Brown,* 9 Heis., 2; *Niblett* v. *Nashville,* 12 Heis., 684; *Poole* v. *Jackson,* 9 Pick., 67; Beach on Contributory Negligence, Sec. 244; 2 Thompson on Negligence, 769; 1 Sher. & Red. on Negligence, Sec. 352; Jones on Neg. Municipal Corp., Sec. 77; 24 Am. & Eng. Enc. Law, 108.

But on the other hand if the street be defective in some parts or portions, this would not warrant a person in negligently, heedlessly, or recklessly going upon the dangerous portions, especially when there was ample room which was safe, secure and accessible.

The whole of the charge of the Court must be considered together and with reference to the facts of the case, in order to determine whether it is correct or not. The Court charged the jury, in addition to what has been already stated, that, "if the space between the street railroad track, on the east, and the embankment on the west was of such width and in such condition as to be reasonably safe for persons exercising ordinary care, then the duty of the city was performed." The Court continued, "If by the exercise of ordinary care the plaintiff could with reasonable safety have driven along and through the space referred to, and through his own negligence and willingness drove upon the embankment already referred to, thus causing his wagon to be overturned, in such case you should find for the de-

fendant, so far as this issue is concerned. On the other hand, if you find from the proof that the space between the street railway track on the east and the said embankment was not sufficiently wide for the passage with reasonable safety of vehicles whose drivers were exercising ordinary care; if you further find that defendant city knew of such defects, or might have known of them by the exercise of ordinary care, and had the opportunity to repair the defects and failed to do so, and this was the proximate, that is to say, the controlling and responsible cause of the accident—that is, the cause without which the accident would not have taken place—and you further find that at the time of the accident the plaintiff was exercising ordinary care for his own protection, in such case you should find for the plaintiff."

The facts, as they appear from the weight of evidence, are that plaintiff was driving an express or transfer wagon, hauling passengers from the race track to the city. It appears that he had been drinking some and had been racing along the road with other vehicles, and that he turned out of a safe track upon the street across the street car tracks, in order to reach the space on the west side of the track, so that he might be enabled to distance and pass his competitors. He was driving quite rapidly at the time, and his wheels were caught by the street car track and

thrown out of their proper line. As a consequence the wheels were thrown on the embankment, and the wagon was overthrown.

We think it appears that the plaintiff was driving not only negligently but rashly and recklessly at a high rate of speed, racing with other vehicles, and that his turning out of the safe track was in order that he might distance his competitors; that in consequence of this reckless driving and attempting to cross the street car track, his wagon was deflected and overturned, and that his recklessness and negligence was the cause of his own accident and injury.

It fully appears that he could, with the exercise of reasonable care and caution, have driven along the west side of the street. While it is the duty of the city, as we think, to keep its streets open and reasonably safe for their entire width, still, if there is a defect and danger in it, the city will not be liable for damages to one who heedlessly and recklessly runs into the danger, but only to those who inadvertently or ignorantly go into it, without fault on their part.

If a party intentionally and as a matter of choice or convenience leaves the usual and safe track, he cannot hold the city liable if he recklessly and needlessly goes into danger. Taking the charge as a whole, while it is, as we think, erroneous in the particular feature stated, we do not, under the facts of the case, consider such

Oliver *v.* Nashville.

error as reversible, but we are strongly persuaded the merits of the case have been reached, and the case should not be reversed. *Jones* v. *Telephone Co.,* 17 Pick., 443. We think the evidence is overwhelming that the plaintiff was guilty of gross carelessness and recklessness, and that his injury is due to these causes, and upon a charge unexceptionable the same conclusion of nonliability on the part of the city must result.

The judgment of the Court below must therefore be affirmed with costs.