## MARGARET LOUVIER v. CITY OF NASHVILLE.

Middle Section. August 29, 1925.

Certiorari denied by Supreme Court December 12, 1925.

1. **Appeal and error. Ruling on testimony not reviewable without exception.**
   Court's ruling on testimony is not reviewable in absence of exception.

2. **Evidence. Not error for witness to testify crossing was apparently safe.**
   Held competent for witness who had seen crossing to testify that it was apparently safe.

3. **Appeal and error. Erroneous admission of unnecessary testimony harmless error.**
   A case will not be reversed for the admission of incompetent evidence, where there is enough competent evidence to establish the fact in question.

4. **Appeal and error. Instructions. Instruction is good if correct as applied to the facts of the case.**
   If the charge is correct, as applied to the facts of the case, though abstractly erroneous, the court will not reverse the case.

5. **Appeal and error. Instructions. Whole instructions must be construed together.**
   Failure to use the word "proximate" in an instruction on negligence held cured by second paragraph of the instruction which told jury plaintiff's negligence must directly or proximately contribute to the injury.

6. **Trial. Instruction held not to tell jury that burden of proof was on plaintiff to show absence of contributory negligence.**
   Held that when instruction was applied to the facts of the case it only meant "Before the plaintiff can recover it must be shown that the defect in the street was the proximate cause of plaintiff's injury, but plaintiff must not have shown any contributory negligence by proof introduced by her," and was good.

7. **Negligence. Whenever plaintiff's own case raises a presumption of negligence on his part, the burden of repelling it is at once placed on him.**
   The plaintiff must make out his case in full, and when the circumstances attending the injury were such as to raise a presumption against

him in respect to the exercise of due care, the law requires him to establish affirmatively his freedom from contributory negligence.

8. **Appeal and error. Appellate court will not reverse case when it does not affirmatively appear that error complained of has affected the result of the trial.**
    Under Acts of 1911, Chapter 32, Appellate Court can not reverse a case unless it appears that the error complained of affected the results of the trial.

Appeal in Error from First Circuit Court, Davidson County; Hon. A. G. Rutherford, Judge.

Affirmed.

J. B. Daniel, of Nashville, for plaintiff in error.

J. Charlton Loser and Norman Minnick, both of Nashville, for defendant in error.

HEISKELL, J. This is a suit for damages for injuries sustained by plaintiff, Margaret Lovier, alleged to have been caused by a fall at a street crossing, by reason of stepping into a hole in said crossing, allowed to exist by the negligence of the defendant city. Mrs. Margaret Lovier sued for $5000 for injuries sustained, and her husband, John L. Lovier, sued for $1000 for loss of services, doctors' bills and other expenses incurred by him by reason of his wife's injuries. The cases were tried together, by consent, before a jury, being tried as a single case, and resulting in a single record.

The jury returned a verdict in favor of the defendant, and plaintiffs have appealed and assigned errors.

There is no controversy about certain facts. On July 26, 1923, plaintiff, Mrs. Margaret Lovier, while walking across Church Street, in the city of Nashville, at the intersection of Church Street and Third Avenue, stepped into a hole or depression in the crossing, fell and was injured. Church Street, at this place, is paved with cobble stones and the crossing in question is made of two parallel lines of flagstones about eighteen inches wide, fitted end to end and lying flush with the surface of the street.

It is admitted by the defendant that there was a defect in this crossing, but it is denied the depression was such as to support an action for damages against the city. There is not much material conflict in the evidence as to the nature of this hole or depression, but there is material conflict as to the depth of it. The defect was caused by a corner of one of these flagstones breaking and becoming depressed at the point, remaining flush at the side opposite.

The size of this triangular piece cracked from the corner of the crossing flagstone, according to several of the witnessess for the defendant, who claim to have made accurate measurements, was a foot on one side and fifteen inches on the other and the point or angle was depressed one and seven-eights inches.

The plaintiff, Margaret Lovier, says the piece was about 9 x 17 inches and the depression about four inches. J. L. Lovier says 9 x 17 inches depressed about three inches.

W. F. Thompson, witness for plaintiff, claims to have measured the hole and he says it was three inches deep, fifteen inches on one side, eighteen inches on the other and fourteen inches on the other.

A. D. Willis, also witness for plaintiff, says he measured the place and found it seventeen inches long, nine inches wide and three inches deep. He measured it not long after the accident and the Wednesday before he testified, and found it the same.

R. L. Ethridge says he measured it with Thompson, with a string tieing knots in the string. Asked what was the size of the hole, says probably two feet one way and about a foot the other, in a kind of three pointed shape.

"Q. How deep was it? A. Oh, about three inches, three or four, about three inches, I guess would about catch it."

Taking this testimony and reconciling it, the hole or depression is shown to be caused by a broken corner of flagstone from nine to twelve inches on the short side, about fifteen inches on the other side of the right angle, with the hypothenuse about eighteen inches remaining flush with the flagstone and the opposite depressed, according to plaintiff's proof, about three inches, according to defendant's proof, one and seven-eights inches.

We think the discrepancies in the sides of the triangle are immaterial, as they do not make the place more or less dangerous, but the difference in depth is material. We think this discrepancy as to depth arises from the fact that the measurements made by witnesses for defendant were made on a perpendicular line, while those made by witnesses for plaintiffs were made on the incline or bevelled edge of the hole. The witnesses agree that the edges are worn and rounded.

The accident occurred between 2 and 3 o'clock in the afternoon of a clear sunshiny day. Mrs. Lovier had not noticed the defect in the crossing before the accident.

The defendant pleaded not guilty and relied mainly on the defense that the defect in the crossing was not serious enough to constitute municipal negligence as a matter of law. A peremptory instruction was asked by the defendant on this theory, which was refused by the trial court.

Plaintiffs have assigned errors as follows:

## I.

"The court permitted, over plaintiff's objection, certain of defendant's witnesses, to-wit, Beasley, Buchanan and Womack

to state that this crossing was apparently safe. It was error. It was for the jury and not for the witness to say whether it was or was not apparently safe after the witnesses described its condition.

"Then again, the witness did not examine the place on the date of the accident and did not know its condition at that time and did not examine it until a long time afterwards. In fact, did not know the hole was there. The testimony was not competent for any purpose, but it was not limited to any particular purpose.

## II.

"The record shows that the fight in the lower court was mainly on the question of plaintiff's contributory negligence and its effect. The charge indicates that the trial judge considered this the pivotal point in the case for he mentioned it several times.

"The trial judge erroneously charged the jury as follows:

" 'On the other hand, gentlemen, it was the duty of the plaintiff to exercise ordinary care for her own safety at the time and place of said accident and if you find that she failed to do so and that such failure contributed in any degree to her injury she cannot recover in this case and your verdict should be in favor of the defendant.'

"The error in this statement of the law is apparent, for it is well settled that contributory negligence does not defeat a cause of action unless it proximately contributes to the injury but only mitigates the damages.

"But under the charge above quoted negligence in any degree of plaintiff Margaret Lovier defeats these causes whether proximate or remote. The court thus failed to distinguish between proximate contributory negligence and remote contributory negligence. This action of the court is assigned as error.

## III.

"The court erroneously charged the jury in these cases as follows:

" 'The court further instructs the jury that before the plaintiff can recover in this case it must not only be shown that a defect in the street crossing complained of was the sole proximate cause of the plaintiff's injury, but that it must be shown that the defendant city had notice of such defect far ahead enough to remedy the defect.'

"This charge in the respects quoted placed upon the plaintiff burden of showing freedom from contributory negligence

and since such is not the law of this State, this action of the court is assigned as error. If plaintiff shows that the street crossing was the proximate cause of the injury there could be no other proximate cause except plaintiff's contributory negligence and the law does not require her to show freedom from it, but freedom is presumed.

## IV.

"The court erroneously and argumentatively charged the jury as follows:

" 'Everybody knows that no city, large or small, can keep its streets in a perfectly smooth and safe condition, and everybody knows that accidents will sometimes happen even upon streets that are reasonably safe, and for that reason the law only requires the officers and servants of municipal corporations to exercise ordinary care or reasonable care to maintain the streets and sidewalks and crossings in a reasonably safe condition, thus placing a part of the obligation to prevent accidents upon the users of said streets, sidewalks and crossings; that is to say, gentlemen, the law does not require a municipal corporation to be insurers of the safety of the traveling public, but it requires every individual to do his or her part in the matter of preventing accidents by observing ordinary care.'

"The learned trial judge seven times in his charge instructed the jury on the matter of contributory negligence, thereby giving undue prominence to that feature of the case thus unduly emphasizing defendant's theory and defense.

"The above extract from the charge is more of an argument, than an instruction and the use of such language in the charge is assigned as error.

"It is well calculated to have an undue influence on the jury as indicating that the trial judge thought this was a trifling suit without merit.

## V.

"The trial court in the charge to the jury gave undue prominence and emphasis to the matter of plaintiff's alleged contributory negligence. He refers to contributory negligence as many as seven times in the charge.

"This was calculated to create in the minds of the jury an unfavorable impression of the merits of plaintiff's case. It indicated to the jury that the judge thought there was no merit in the case because of contributory negligence of Mrs. Lovier.

"This is assigned as error.

"This was more particularly and especially erroneous and hurtful in view of that part of the charge quoted and made the basis of above assignment number IV.

"The province of the jury was invaded by the trial judge and they were not left free to decide the case according to the law and the testimony uninfluenced· by the manifest leanings of the trial judge.

### VI.

"The charge of the court is argumentative and well calculated to leave the jury under the impression that the trial judge thought the case was without merit.

"This is particularly so with respect to the court's frequent reference to plaintiff's alleged contributory negligence and undue emphasis placed thereon. This was especially hurtful in connection with that part of the charge quoted and made the basis of assignment number IV above, and other assignments in the charge.

### VII.

"And finally plaintiffs assign error in the charge of the court as a whole in this: it is contradictory, argumentative, misleading and confusing to the jury, particularily so with respect to the use of the two paragraphs quoted and made the basis of assignments II and III above."

The first assignment should be overruled; first, because the ruling of the trial judge was not excepted to; second, because the evidence was competent. Poole v. Jackson, 93 Tenn., 62.

In the third place, if this action of the trial court was erroneous, it was harmless error because the jury, by consent of the parties, examined the crossing where the accident occurred, after the testimony now objected to had been introduced, and the jurors could see for themselves whether or not the crossing was apparently safe.

A case will not be reversed for the admission of incompetent evidence, where there is enough competent evidence to establish the fact in question.

### II.

The second assignment presents an excerpt from the charge of the trial judge, which, taken by itself as an abstract proposition, is not correct, but the judge had charged the jury fully and correctly as to negligence, on the part of either defendant or plaintiff, and the difference between remote and proximate cause of the accident. And besides, the omission of the judge to use the word "proximate"

in the clause of the charge made the basis of this assignment is not reversible error, for the reason that, as applied to the facts of the present case, there was no room for a difference between remote and proximate cause, as applied to the contributory negligence of the plaintiff, Margaret Lovier. If she was guilty of negligence that contributed to her injury, it must have contributed proximately, it could not have contributed remotely. There is nothing in the facts of this case upon which the minds of the jurors could base a distinction between remote and proximate cause of the injury.

If the charge is correct, as applied to the facts of the case, though abstractly erroneous, the court will not reverse. Oliver v. Nashville, 106 Tenn., 273; Hulme v. Brown, 3 Heisk., 679.

Besides the court further on in the charge instructed the jury as follows:

> "In case you find that the plaintiff, or person injured, was guilty of some negligence, but that this negligence did not directly or proximately contribute to the injury, that fact alone would not defeat a recovery altogether; but it must be taken into consideration by you and a proper deduction must be made from the amount of damages you otherwise allow."

This supplies the omission in the passage complained of and cures the error, if any.

## III.

The third assignment complains of the portion of the charge set out, in that when the judge told the jury that before the plaintiffs can recover it must not only be shown that a defect in the street crossing complained of was the sole proximate cause of the plaintiff's injury, but that it must be shown that the defendant city had notice of such defect far ahead enough to remedy the defect. that the judge, in effect, told the jury that the burden of proof was on the plaintiff to show the absence of contributory negligence.

It will be seen by looking at the charge that the excerpt set out in this assignment is the first sentence in a paragraph taking up a whole page in the transcript, devoted not to the question of contributory negligence, but to what constitutes requisite notice to the city. The court had in the charge already covered the question of contributory negligence and has now turned to the question of notice to the defendant of the defect. The sentence quoted is merely introductory to the subject of this part of the charge and should not be considered as a charge on the subject of contributory negligence, nor on the burden of proof, in relation thereto. If erroneous in the abstract it would not be likely to influence the jury so much as that portion of the charge devoted to that subject.

The defendant introduced no proof as to contributory negligence. If there was any proof of contributory negligence, it was to be found in the evidence introduced by the plaintiff. The burden of proof is upon the defendant to show contributory negligence on the part of the plaintiff, where this is insisted on, unless the plaintiff's contributory negligence appears from proof adduced by plaintiff. If, then, we give the language of this sentence of the charge the strongest construction contended for by plaintiff, as applied to the facts of this case, it can mean no more than this: "Before the plaintiff can recover it must be shown that the defect in the street was the proximate cause of plaintiff's injury, but plaintiff must not have shown any contributory negligence by proof introduced by her. Certainly plaintiffs could not complain of this.

Inasmuch as the defendant introduced no proof to show contributory negligence, then if the proof adduced by plaintiffs showed no contributory negligence, in that case if the defect in the crossing was the proximate cause of plaintiff's injury, it was the sole proximate cause. Or to state the proposition in a different way, "whenever plaintiff's own case . . . raises a presumption of negligence on his part, the burden of repelling it is at once placed on him." Stewart v. Nashville, 96 Tenn., 56, Citing, 2 Dillon on Mun. Corp., sec. 1026.

"The plaintiff must make out his case in full, and where the circumstances attending the injury were such as to raise a presumption against him in respect to the exercise of due care, the law requires him to establish affirmatively his freedom from contributory negligence." Stewart v. Nashville, 96 Tenn., 57.

If, then, defendant introduced no proof of plaintiff's contributory negligence and, therefore, if there was any proof or presumption it must have arisen on plaintiff's own case, then the burden was on plaintiff to repeal this proof or presumption.

Given the strongest construction against the plaintiff, this part of the charge contains no other implication than this, if the plaintiff has created by her own proof a presumption of contributory negligence the burden is upon her to remove it. Plaintiffs cannot complain of this.

The portion of the charge complained of is within the principle laid down in Warfield v. R. R., 104 Tenn., 74.

There is no reversible error in a charge of the court, when taken as a whole and in connection with the facts of the case, it means no more than that the plaintiff must establish by a preponderance of proof all material facts necessary to sustain his case.

In Oliver v. Nashville, 106 Tenn., 237, the court says:

"The whole of the charge of the court must be considered together and with reference to the facts of the case, in order to determine whether it is correct or not."

Where the charge is erroneous, yet as applied to the facts of the particular case is harmless, the case will not be reversed. Oliver v. Nashville, 106 Tenn., 273. Dale v. Continental Ins. Co., 95 Tenn., 38.

"A charge right as applied to the evidence in the cause, but erroneous in the abstract, is not ground for reversal." Hulme v. Brown, 3 Heis., 679.

These authorities are applicable to assignments II as well as III.

It is not considered necessary to treat in detail assignments IV, V, VI and VII. If the portion of the charge complained of in these assignments of error are not entirely correct, any error contained therein is not such as to justify the court in disturbing the verdict. It is sufficient to say the charge does not deserve the criticism contained in these assignments.

As stated before, the principal defense of the city is that the defect in the crossing was too slight to be made the basis of liability on the part of the defendant. A motion for a directed verdict was made by the defendant in pursuance of this defense. If there had been no conflict of proof as to the nature and size of the defect in the crossing and it had been shown to be just as described by the witnesses introduced on behalf of the defendant, perhaps the motion for a directed verdict should have been granted. But in view of the conflict of proof on this point, the trial judge was right in refusing the instruction. On the motion for a new trial the trial judge was not dissatisfied with the verdict. We think upon examination of the defect in the crossing, the jury found it about as described by the witnesses for the defendant who, we think, measured the actual depth of the depression, while other witnesses measured the worn and sloping sides of the defect in the crossing. Therefore, we think the merits of the case have been reached, and even if there be errors in the charge of the court, the case will not be reversed.

In addition to what has been said, the Act of 1911, chapter 32, as applied to the assignments of error in this case, precludes the court from reversing the verdict because it does not affirmatively appear that the error complained of has affected the result of the trial. Not only does this fail to affirmatively appear, but for the reasons set out herein we are of the opinion that if any errors were committed by the trial judge they did not result to the prejudice of the plaintiff; and we are also of the opinion that the merits of the case have been reached.

It results that all the assignments of error are overruled and the case is affirmed. Plaintiff will pay the costs.

Faw, P. J., and Crownover, J., concur.