STEWART v. NASHVILLE.

(*Nashville.* January 18, 1896.)

1. CONTRIBUTORY NEGLIGENCE. *Burden of proof. Charge.*

It is error to charge, in unqualified terms, that the burden is upon the plaintiff in a personal injury case to show affirmatively freedom from contributory fault or negligence on his part. The plaintiff must rebut contributory negligence when it is disclosed either by his own evidence or his adversary's, or by both together, but until there is some evidence of contributory negligence there is no burden resting upon him to disprove it. (*Post, pp. 51–57.*)

Cases cited: Bamberger v. Street Railroad, 95 Tenn., 18; 23 Conn., 339; 120 Mass., 257.

2. SAME. *Same. Immaterial error.*

But the error of charging that the burden is upon the plaintiff in a personal injury case to show affirmatively his freedom from contributory negligence becomes immaterial, and is not cause for reversal, where the record discloses a clear case of contributory negligence on the part of the plaintiff, *e. g.,* that that he, being blind, was upon the streets unattended, and sustained his injuries by falling into a drain, or gutter, of the existence and character of which he had full knowledge. (*Post, p. 57.*)

3. SAME. *Effect of blindness.*

That plaintiff was blind constitutes no excuse for his failure to exercise ordinary care; on the contrary, common prudence requires that the blind should exercise far greater care, in proportion to the danger to which men in general are constantly exposed, than is required of those in full possession of the faculty of sight. (*Post, pp. 57, 58.*)

Cases cited and approved: 1 Allen, 172; 37 N. Y., 568.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

A. G. MERRITT for Stewart.

CLAUDE WALLER and J. B. KEEBLE for Nashville.

BEARD, J.   This action was brought by the plaintiff in error to recover damages for personal injuries which he sustained while walking along one of the streets of the city of Nashville, from a fall into an open water-drain, which, the declaration alleges, had been negligently left by the city authorities in an unsafe and dangerous condition.   The record discloses that this drain was at the point of intersection of two streets and ran between the end or curb line of the pavement of one of these streets and the beginning of the crosswalk of the other; that it was used as a conduit for surface water, and was of inconsiderable depth and width.   Upon the trial of the case, the jury rendered a verdict for the defendant, and, failing in his motion for a new trial, the plaintiff has appealed and has assigned a number of errors upon the charge of the Court.   Only one of these will be discussed in this opinion; the others, being less important, will be disposed of orally.

The trial Judge, among other things, said to the jury that, in order to recover, the plaintiff "must show, by a preponderance of the evidence, that he was, at the time of the accident, in the exercise of ordinary care, and could not have avoided the accident by the exercise of care on his part." In actions for personal injuries, and with regard to the question presented in this instruction, there is an ir-

reconcilable conflict of opinion between the Courts.
*Bamberger* v. *Citizen's Co.*, 95 Tenn. (S. C., 31
S. W. Rep., 193). An examination of the cases
will show that the Courts of Maine, Mississippi,
Louisiana, Georgia, Massachusetts, North Carolina,
Michigan, Illinois, Connecticut, Iowa, and Indiana
have adopted the rule that the burden is on the
plaintiff to show affirmatively, as a part of his case,
that no negligence or fault of his contributed proxi-
mately to the injury complained of, and, failing to
show this, he cannot recover. The cases from these
States will be found cited in the footnotes to Sec-
tion 422 in Beach on Contributory Negligence and
in 4 Am. & Eng. Enc. L., p. 93.

The rule itself, and the reason upon which it
rests, is stated clearly in *Park* v. *O'Brien*, 23 Conn.,
339, in the following terms: ''We accord entirely
with the decision cited by the plaintiff in error, the
defendant below, to show that, in this suit, the
burden of showing that the injury was not attribu-
table to the want of reasonable care on his part
rested on the plaintiff. The reason of this rule is
that the plaintiff must prove all the facts which are
necessary to entitle him to recover, and this is one
of these facts. It was necessary for the plaintiff to
prove (1) negligence on the part of the defendant
in respect to the collision alleged, and (2) that the
injury to the plaintiff occurred in consequence of
that negligence. But, in order to prove this latter
point, the plaintiff must show that such injury was

not caused, in whole or in part, by his own negligence; for, although the defendant was guilty of negligence, if the plaintiff's negligence contributed essentially to the injury, it is obvious that it did not occur by reason of the defendant's negligence. Therefore the plaintiff would not prove enough to entitle him to recover by merely showing negligence on the part of the defendant, but he must go further, and also prove the injury to have been caused by such negligence by showing a want of concurring negligence on his part contributing materially to the injury. Hence to say that the plaintiff must show the latter, is only saying that he must show that the injury was owing to the negligence of the defendant." Or, as it is more briefly stated in *Hinckly* v. *Cape Cod R. R. Co.*, 120 Mass., 257: "Mere proof that the negligence of defendant was a cause adequate to have produced the injury, will not enable plaintiff to recover, as it does not necessarily give rise to the inference of due care on his part, proof of which is essential to his case."

Mr. Beach, in his work on Contributory Negligence, seems inclined to this view as being the sounder, because in accord with the rule of evidence which puts the burden of proof on that party having the affirmative of the issue, as well as for the reason, as suggested by him, that in a very large proportion of suits brought for personal injuries, common observation is that the negligence of the injured party has concurred to bring about the re-

sult complained of, and that, this being so, there would be no wrong done in any particular or individual case in requiring the plaintiff to show, as a part of his case, that he was not guilty of contributory negligence. To this last suggestion it may well be answered that, while it is no doubt true that many accidents are attributable to the heedlessness and recklessness of the parties injured, yet it is certainly so that many occur without such concurring negligence, and if the proportion between these two classes of cases is to be determined by the result of litigation involving claims for damages for personal injuries, it would possibly be found that a very large majority of the cases were of this latter rather than of the former class. With the imperfect data, however, which we have we think it would be impossible to state the proportion of these respective classes with anything like mathematical accuracy and unsafe to rest a rule of evidence upon them.

But the special ground for the rule in question, as stated or assumed by the Courts which adhere to it, is that the plaintiff, having taken the affirmative, in order to recover, must prove all the essential facts, including the fact that he was not guilty of concurring negligence. That he must prove the essential facts is admitted, and that he has proved them when he shows the injury and that the defendant's neglect is the proximate cause of it, it seems to us clear, and that, nothing more appearing, he would be entitled to a recovery, unless it

be assumed that proof of the accident raises, *ipso facto*, a presumption of plaintiff's negligence, and we do not understand the cases to go to that point. If, however, in proving these, there is anything in the evidence from which concurring negligence on the plaintiff's part may be inferred, then the burden would be on him to rebut or explain this. But if the plaintiff can make out his case without such disclosure, and the defendant relies on contributory negligence either to defeat or mitigate recovery as to this defense, he becomes the actor, and his duty is to make it good by evidence, occupying, with regard to it, the same attitude as does the party who relies on a release or payment when sued on a contract. 1 Wharton on Evidence, Secs. 358, 361.

When to these considerations is added the force of the presumption which is in accord with common experience (Mr. Freeman's note, p. 687, vol. 62, Am. Dec.), that any man of sound mind will ordinarily avoid personal injuries, it seems to us that the rule which imposes upon the plaintiff the burden of showing care when there is nothing to suggest the want of it, in such a case as this, is unsound, and not in harmony with the general rules of evidence. And this is the view taken by a great number of Courts. In these Courts the rule obtains that the plaintiff has discharged his full duty when he has shown his injury and that the negligence of the defendants was its proximate cause. It then devolves upon the defendants to show con-

tributory negligence as matter of defense, the presumption being in favor of the plaintiff, that he was, at the time of the accident, in the exercise of due care, and that the injury was caused wholly by the defendant's negligent conduct. This is the doctrine of the Supreme Court of the United States, and of the Courts in Alabama, Kentucky, California, Georgia, Kansas, Maryland, Minnesota, Mississippi, New Hampshire, New Jersey, Arizona, Idaho, Washington, Arkansas, Nebraska, Ohio, Oregon, Pennsylvania, Rhode Island, West Virginia, South Carolina, Texas, Wisconsin, Vermont, and Colorado. See footnotes to Beach on Con. Neg., Sec. 426, and 4 Am. & Eng. Enc. L., page 93, and Hutchenson on Carriers, Sec. 802.

Judge Dillon, in the second volume of his work on Municipal Corporations, Sec. 1026, adopts the view held by these Courts as the better one, and says "that where the plaintiff's contributory fault does not appear upon his own testimony, the burden of proof to establish it rests upon the defendant. In other words, the plaintiff is not bound to prove affirmatively that he was himself free from negligence. When the plaintiff's fault is relied upon as a defense to defeat a recovery, the burden to establish such defense rests with the defendant."

We regard this as an accurate statement of the rule. While this is so, the rule is not inflexible. As has been before intimated, whenever plaintiff's own case, or the evidence of the defendant or of

both, raises a presumption of negligence on his part, the burden of repelling it is at once placed on him. 2 Dillon on Mun. Corp., § 1026.

As is said by Mr. Beach in his work before referred to, § 427, in commenting on the practical application of this rule in those jurisdictions which place the duty of showing contributory negligence on defendant, "the plaintiff must make out his case in full, and, where the circumstances attending the injury were such as to raise a presumption against him in respect to the exercise of due care, the law requires him to establish affirmatively his freedom from contributory negligence." It follows, therefore, that the charge of the trial Judge, in this particular, and as an abstract proposition, was error; yet, when applied to the facts of this case, it was not a reversible one, for the record shows that the plaintiff was blind, and was on the streets, unattended, when he received the injury, and had full knowledge of the existence and character of the drain when the accident occurred.

Blindness not only does not constitute a defense for failure to exercise ordinary care under given circumstances; on the contrary, "common prudence requires that the blind should exercise far greater care, in proportion to the danger to which men in general are constantly exposed, than is required of those in full possession of the faculty of sight." *Winn* v. *Lovell*, 1 Allen, 172; *Davenport* v. *Ruck-*

*man,* 37 N. Y., 568; 2 Thompson on Neg., p. 1203, Sec. 51; Beach on Con. Neg., Sec. 396.

We think his knowledge and his physical infirmity, added to the fact that he was unattended at the time of the accident, were sufficient, of themselves, to require the plaintiff to show that the injury was without fault or negligence on his part.

Affirmed.