BURKE *v.* STREET RAILWAY CO.

*(Jackson.* April 29, 1899.)

1. EVIDENCE. *Burden of showing contributory negligence on defendant.*

 Plaintiff in an action for personal injuries is not bound to prove affirmatively that he was free from contributory negligence, but where his contributory fault does not appear upon his testimony, the burden of proof to establish it rests upon the defendant. *(Post, pp. 410–412.)*

 Case cited and approved: Stewart *v.* Nashville, 96 Tenn., 50.

2. CHARGE OF COURT. *Erroneous as to use of street crossings.*

 An instruction in an action for personal injuries sustained by one who was struck by a horse and wagon as he was crossing a street, which, in effect, states that whatever may have been the surroundings at the time and place of the accident, the defendant could drive across the crossing at any rate of speed he chose to do and yet presume that the plaintiff would see the way he (the defendant) was using the street and not get in his way, is erroneous. *(Post, pp. 412–414.)*

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

GEORGE B. CLEVELAND and GEO. GILLHAM for Burke.

TURLEY & WRIGHT for Street Railway Co.

McFarland, Sp. J.    There are a number of assignments of error filed by plaintiff, Burke, but it is unnecessary to set these out in detail.    It is sufficient to say they cover the errors complained of, which are decisive of the case.    They are mainly directed against the charge of the Court below. Among other charges the plaintiff complained of as error were these: The Court, at the outset of his charge and as a concise summary of the necessities of plaintiff's case, says: ''That you may have the material points of the case fairly before you, so that you may apply the evidence properly to them, the Court will now state to you what the material points of this case are:

''1. Mr. Burke, the plaintiff, must establish to your satisfaction, by a preponderance of the evidence, that he was exercising the care and caution of an ordinarily careful and prudent man in the manner in which he was using the crossing at the corner of Main and Madison Streets at the time of the accident.''

This first prerequisite, as declared by the Court, to a recovery is, in effect, to throw at once the burden of proof upon the plaintiff to show that he was in the exercise of the care and caution of an ordinarily careful and prudent man at the time of the accident, and deprives him, at the very outset of the case, of the presumption that every man of sound mind will ordinarily avoid personal injuries.

This very question, upon whom the burden of

proof of proper care or want of negligence was
first cast, and when and how shifted upon plaintiff,
was fully discussed in the opinion of this Court,
Judge Beard delivering the opinion, in the case of
*Stewart* v. *Nashville,* 12 Pickle, 50, in which the
trial Judge said, among other things, that, in order
to recover, the plaintiff "must show, by a prepon-
derance of the evidence, that he was at the time
of the accident in the exercise of ordinary care, and
could not have avoided the accident by the exercise
of care on his part." Says this Court, in com-
menting upon this charge: "In actions for personal
injuries, and with regard to the question presented
in this instruction, there is an irreconcilable conflict
of opinion between the Courts. An examination of
the cases will show that the Courts of Maine, Mis-
sissippi, Louisiana, Georgia, Massachusetts, North
Carolina, Michigan, Illinois, Connecticut, Iowa, and
Montana have adopted the rule that the burden is
on the plaintiff to show affirmatively, as a part of
his case, that no negligence or fault of his con-
tributed proximately to the injury complained of,
and, failing to show this, he cannot recover. Beach
on Contributory Negligence, Sec. 422; 4 Am.
& Eng. Enc. L., 93; *Pach* v. *O'Brien,* 23
Conn., 339; *Huckley* v. *Cape Cod R. R.,* 120 Mass.,
255." These two cases last cited give the clearest
and most concise reasoning supporting this conten-
tion. Upon the other hand, as is shown in the
case of *Stewart* v. *Nashville, supra,* the Courts of

many other States hold that the plaintiff has discharged his full duty when he has shown his injury and that the negligence of the defendant was its proximate cause. It then devolves upon the defendants to show contributory negligence as matter of defense, the presumption being in favor of the plaintiff that he was at the time of the accident in the exercise of due care, and that the injury was caused wholly by the defendant's negligent conduct. This is the doctrine of the Supreme Court of the United States, and of the Courts in Alabama, Kentucky, California, Kansas, Maryland, Minnesota, Mississippi, New Hampshire, New Jersey, Oregon, Idaho, Washington, Arkansas, Nebraska, Ohio, Pennsylvania, Rhode Island, West Virginia, South Carolina, Texas, Wisconsin, Vermont, and Colorado.

The Court quotes Judge Dillon (2 Dillon Mun. Cor., Sec. 1026), as adopting this latter view as the better one, as follows: "That where the plaintiff's contributory fault does not appear upon his testimony, the burden of proof to establish it rests upon the defendant; in other words, the plaintiff is not bound to prove affirmatively that he was himself free from negligence," saying, "We regard this as an accurate statement of the rule." Following this case, this charge of the Judge was erroneous.

The second prerequisite to recovery, as given in the charge, was as follows:

"2. He must establish to your satisfaction, by a preponderance of the evidence, that the defendant,

Smith, was not exercising the care and caution of an ordinarily prudent man in the way in which he was driving his horse upon and along Madison Street, and that Smith's negligence was the sole cause of the injury."

This charge, in itself, totally ignores the question of remote and proximate cause, and needs no citation of authority in support of the suggestion that it is clearly erroneous. True the Court in the subsequent portions of his charge, and in another branch of the charge, modifies this portion quoted, and lays down the correct rule, and if this was the only error complained of we would be slow to reverse on this alone, but, looking further, we find the Court further charged the jury, in defining in what negligence consisted, as follows: "It consists in using the street without looking and seeing how it is being used by others, when, by looking, anyone of ordinarily good eyesight could have seen how the street was being used and what was the probability of a collision."

This part of the charge applies the rule as laid down between street cars and persons walking or in vehicles, and could have but little application to persons about to cross in front of vehicles not easily to be seen, by reason of obstructions or otherwise.

Again, after saying that Burke could presume that others would see him after he left the sidewalk, etc., says: "Smith had the right to presume that Burke or anyone else crossing Madison at Main

Street would see the way Smith was using Madison Street, and not attempt to use the street right in front of his vehicle, and so near to it as to make it impossible for Smith to stop and avoid collision. Under these circumstances, if he attempted to cross and was injured, no recovery can be had.'' This portion of the charge in effect ignored the surroundings of the parties at the time and circumstances of the collision, and the rate of speed at which Smith may have been going. It tells them that, whatever may have been the surroundings at the time and place of the accident, Smith could drive across this crossing at any rate of speed he chose to go, and yet presume that Burke would see the way he, Smith, ''was using Madison Street,'' and not get in his way. These charges were erroneous, and, taking the charge as a whole, we are of opinion it was misleading to the jury, and for this reason, although we are of opinion the plaintiff is not entitled to any very large damages, the case is reversed and remanded at cost of defendant.