PELICAN ASSURANCE COMPANY *v.* AMERICAN FEED & GROCERY COMPANY *et al.*

(*Nashville.* December Term, 1909.)

1. **ARREST OF JUDGMENT.** Motion for new trial is waived by prior motion in arrest of judgment.

The making of a motion in arrest of judgment prior to the motion for a new trial operates as a waiver of the motion for a new trial.

Case cited and approved: Hall v. State, 110 Tenn., 366.

2. **SAME.** Same. Minute entry of motion "in arrest of judgment and for a new trial" construed as showing motion in arrest first made and disposed of first.

Whether the minute entry that the defendant moved "the court in arrest of judgment and for a new trial" be considered as a single motion embracing two distinct, if not incongruous, matters of procedure, or be construed as the equivalent of a recital of the two motions, yet the necessary inference would be that the motion in arrest of the judgment was first made, and was disposed of first.

Case cited and approved: Hall v. State, 110 Tenn., 366.

3. **NEW TRIAL.** Bill of exceptions to preserve matters extrinsic to the technical record for review of action on motion for new trial.

The errors of the trial judge in his rulings on the evidence, in overruling a motion for peremptory instructions, and in giving and refusing instructions, occurring in the trial of the cause, constitute grounds of a motion for a new trial to be made in the trial court, and such errors must be preserved and made a part

Assurance Co. v. Feed & Grocery Co.

of the record by a bill of exceptions to obtain a review of the action of the trial judge in refusing the motion, because such errors rest upon matters extrinsic to the technical record.

Case cited and approved:   Railroad v. Johnson, 114 Tenn., 633.

4. **ARREST OF JUDGMENT.** Motion in arrest lies alone for what defects.

A motion in arrest of judgment lies alone for some error which vitiates the proceeding, or is of so serious a character that judgment should not be rendered; and it can only be maintained for a defect upon the face of the record, and the evidence is no part of the record for this purpose.

Cases cited and approved: Bond v. Dustin, 112 U. S., 604; Van Stone v. Stillwell, 142 U. S., 128.

5. **SAME.** Same. Errors to be considered on motion for new trial cannot be reviewed in supreme court because motion in arrest of judgment was overruled.

Errors that are properly raised for consideration upon a motion for a new trial cannot be made the subject of investigation in the supreme court, by reason of the fact that a motion in arrest of judgment was overruled; for such practice and procedure would operate to abolish all distinction between a motion for a new trial and a motion in arrest of judgment.

---

FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson County.—J. A. CARTWRIGHT, Judge.

STOKES & STOKES, for plaintiff in error.

T. G. KITTRELL and F. M. BASS, for defendants in error.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The question here involved is the same that was considered and disposed of in *Hall* v. *State,* 110 Tenn., 366, 75 S. W., 716. In that case, as in this, the minute entry was that the defendant moved "the court in arrest of judgment and for a new trial;" and it was there held that, whether the motion was single, "embracing two distinct, if not incongruous, matters of procedure," or the entry was construed as the "equivalent of a recital of the two motions," yet the necessary inference would be "that the motion in arrest was first made, and . . . was disposed of first." In this condition of the record, the court applied the rule that the making of motion in arrest prior to the motion for a new trial was a waiver of the latter motion, and the legal effect of this waiver was that the court on appeal was "confined to error assigned on the face of the record."

In the case at bar errors are assigned upon the action of the trial judge in admitting over objection incompetent testimony, in overruling a motion for peremptory instruction, in giving certain instructions to the jury, and failing to grant requests that were submitted. It will be observed that these errors, if committed, occurred in the trial of the cause, and would have constituted grounds of a motion for a new trial, made in the court below, to the end that a retrial might be obtained, or, failing in this, then to preserve the same in the record, so that the ruling of the trial judge in de-

clining the motion might be preserved to the plaintiff in error. *Railroad* v. *Johnson,* 114 Tenn., 633, 88 S. W., 169. Resting upon matters extrinsic to the technical record, they could only be preserved for review in this court by a properly filed bill of exceptions. If, as is contended by counsel for plaintiff in error, they can here be made the subject of investigation, by reason of the motion in arrest having been overruled, then we can see no distinction between that and a motion for new trial; for the very errors that are now made the subject of complaint are those which would have been properly raised on this latter motion. It is apparent that, to secure a reversal on account of these errors, it would be necessary to look beyond the "face of the record" into the evidence introduced. This cannot be done. It is well settled by the authorities that a motion in arrest of judgment lies alone for some error which vitiates the proceeding, or is of so serious a character that judgment should not be rendered. It "can only be maintained for a defect upon the face of the record, and the evidence is no part of the record for this purpose." *Bond* v. *Dustin,* 112 U. S., 604, 5 Sup. Ct., 296, 28 L. Ed., 835; *Van Stone* v. *Stillwell E. T. C. Co.,* 142 U. S., 128, 12 Sup. Ct., 181, 35 L. Ed., 961; 23 Cyc., 825.

Applying this rule of correct procedure to the present case, it follows that the judgment must be affirmed.