## TENNESSEE CENT. R. CO. *v.* HERB.

### (*Nashville.* December Term, 1915.)

1. **NEGLIGENCE.** Contributory negligence. Burden of proof.

Where a plaintiff's contributory negligence does not appear from the proof adduced by him, the burden of showing its existence rests on the defendant. (*Post, p.* 399.)

Cases cited and approved: Stewart v. Nashville, 96 Tenn., 50; Burke v. Street Railway, 102 Tenn., 409.

2. **DEATH.** Due care. Presumption.

There is a presumption arising out of the instinct of self-preservation that a decedent was in the exercise of ordinary care when fatally injured, prevailing until overcome by competent evidence, and which may prevail where there are no eyewitnesses of or any direct testimony as to his conduct. (*Post, pp.* 399-401.)

Cases cited and approved: Oklahoma City v. Read, 33 L. R. A. (N. S.), 1085; Insurance Co. v. Bennett, 90 Tenn., 256; Traveler's Ins. Co. v. McConkey, 127 U. S., 661.

Cases cited and distinguished: Chase v. Railroad Co., 77 Me., 62; McLane v. Perkins, 92 Me., 39; Reynolds v. Railroad, 58 N. Y., 248; Wiwirowski v. Lake Shore, etc., R. Co., 124 N. Y., 420; Railroad v. Landrigan, 191 U. S., 461.

---

### FROM DAVIDSON

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the

Court of Civil Appeals from the Supreme Court.—
THOS. E. MATTHEWS, Judge.

WALTER STOKES and R. F. JACKSON, for appellant.

W. H. WASHINGTON and C. H. RUTHERFORD, for Herb.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

Only one of several assignments of error of the
railroad company will be treated of in this opinion.

It is urged as error that the court of civil appeals
did not hold the following paragraph of the charge to
the trial jury to be incorrect:

"There is a presumption that arises out of the well-
known instinct of self-preservation, that the deceased
was in the exercise of ordinary care at the time of the
injury which caused his death, and this presumption
will prevail until overcome by competent evidence."

The facts in proof on which this instruction was based
were as follows: John B. Herb was employed by the
railroad company as foreman of the night switching
crew in its Nashville switchyard.    The day before his
death, the section crew had taken out old and put in
new ties in a short section of one of the tracks in the
yard, but had failed to complete the ballasting and sur-
facing up of the entire space to its accustomed level
and smoothness.    Holes were left between the ties of a
size that would catch and confine the shoe of a pedes-
trian.    It is fairly inferable that Herb in passing from

one point in the yard to another, in darkness save the light afforded by his lantern, endeavored to cross this particular track in front of a backing switch train. An outcry from him was heard, the train stopped, and his mangled body on search found at the place described above. No eyewitness observed the deceased as he approached the place, or when he was struck by the train.

This court has ranged itself with the large majority of the tribunals of this country in holding that, where a plaintiff's contributory negligence does not appear from the proof adduced by him, the burden to show its existence rests on the defendant. *Stewart* v. *Nashville,* 96 Tenn., 50, 33 S. W., 613; *Burke* v. *Street Railway,* 102 Tenn., 409, 52 S. W., 170.

In some of the jurisdictions where the reverse of this rule is held, the courts have pronounced against the presumption arising from the instinct of self-preservation.

The reasons assigned in such cases may be outlined as follows:

(a) ''That the motive for personal safety does not operate on the minds of men until they can clearly see that they are endangered by their carelessness. It does not keep them from careless acts. The danger is not often seen until too late to be extricated from it. The careless act usually preceded the moment when the natural instincts for self-preservation are aroused. And a man is quite prone to take risks.'' *Chase* v.

*Maine, etc., R. Co.,* 77 Me., 62, 52 Am. Rep., 744, followed by *McLane* v. *Perkins,* 92 Me., 39, 42 Atl., 255, 43 L. R. A., 487.

(b) "That men are careless, and subject themselves thereby to injury, is the common experience of mankind." *Reynolds* v. *New York Cent., etc., R. Co.,* 58 N. Y., 248; *Wiwirowski* v. *Lake Shore, etc., R. Co.,* 124 N. Y., 420, 26 N. E., 1023.

In jurisdictions such as ours in which the burden of proving contributory negligence is on the defendant, the further rule is that absence of negligence on the part of the person killed may be presumed from the natural instinct of self-preservation. Note to *Oklahoma City* v. *Reed,* 33 L. R. A. (N. S.), 1085, 1115, where a full discussion of the authorities may be found.

In a recent case the supreme court of the United States had occasion to consider the presumption now under consideration, and it was there said:

"The presumption is founded on a law of nature. We know of no more universal instinct than that of self-preservation—none to so insistently urge to care against injury. It has its motives to exercise in the fear of pain, maiming, and death. There are few presumptions, based on human feelings or experience, that have surer foundation than that expressed in the instruction objected to." *Baltimore, etc., R. Co.* v. *Landrigan,* 191 U. S., 461, 24 Sup. Ct., 137, 48 L. Ed., 262.

On similar reasoning it is held generally, and by this court, that it will be presumed that the death of a sane person is not attributable to suicide. *Insurance Co.* v. *Bennett,* 90 Tenn., 256, 16 S. W., 723, 25 Am. St. Rep., 685; *Travelers' Ins.* v. *McConkey,* 127 U. S., 661, 8 Sup. Ct., 1360, 32 L. Ed., 308; 16 Cyc., 1057.

The presumption based on such natural instinct may be employed in negligence cases where there are no eye-witnesses of, or direct testimony as to, the conduct of the person injured at the time of the accident which leads to his death.

Writ of *certiorari* having been granted, the judgment of the court of civil appeals is affirmed.