J. W. HARRISON *v.* TYLER RASCOE.

*(Nashville.* December Term, 1917.)

**MASTER AND SERVANT. Unlawful employment. Suit for injuries.**
   Plaintiff, a minor eleven years old, employed by defendant to
      distribute meats to customers, injured while feeding a sausage
      mill in defendant's place of business, was within the protection
      of Thompson's Shannon's Code, section 4342a-44 (Acts 1911,
      chapter 57, section 1), making it unlawful to employ any child
      less than fourteen years old "in the distribution or transporta-
      tion of merchandise."

   Acts cited and construed: Acts 1911, ch. 57, sec. 1; Acts 1881, ch.
      170; Acts 1893, ch. 159.

   Cases cited and approved: Queen v. Dayton Coal & Iron Co., 95
      Tenn., 458; Iron & Wire Co. v. Green, 108 Tenn., 161; Finley v.
      Furniture Co., 119 Tenn., 701.

   Code cited and construed: Sec. 4342a44 (T.-S.).

FROM WILLIAMSON.

Appeal from the Circuit Court of Williamson
County to the Court of Civil Appeals, and by
*certiorari* to the Court of Civil Appeals from the
Supreme Court.—DOUGLAS WIKLE, Judge.

FAW & CROCKETT, for appellant.

HENDERSON & COURTNEY and GEO. H. ARMSTEAD, JR.,
for appellee.

·Mr. Justice Fentress delivered the opinion of the Court.

The plaintiff, through his father as next friend, brought this suit to recover damages for alleged personal injuries sustained while in the employment of the defendant. The trial judge sustained a demurrer to the declaration, and the court of civil appeals affirmed his judgment. The petition for *certiorari* was granted by this court, and the case has been argued here.

The action is based on section 1, chapter 57, of the Acts of 1911, Thompson's Shannon's Code, section 4342a44, the applicable portion of which is as follows: "It shall be unlawful for any proprietor, foreman, owner, or other person to employ, permit, or suffer to work any child less than fourteen years of age in, about, or in connection with any mill, factory, workshop, laundry, telegraph or telephone office, or in the distribution or transmission of merchandise or messages."

The declaration avers that plaintiff, while a minor eleven years of age, was employed by the defendant in his place of business, where he sold fresh meats and fish, and manufactured and sold sausage, and, furthermore, that plaintiff was employed in the distribution of meats, etc., to defendant's customers. It is alleged that while feeding a sausage mill, which was propelled by electricity, plaintiff's right hand was caught in the knives, inflicting wounds which necessitated the amputation of three of his fingers.

Harrison v. Rascoe.

Counsel stated in the argument that defendant conducted a retail butcher shop, and that the duties of the boy were to deliver meat and, while not so engaged, to work in the shop.

The court of civil appeals was of the opinion that the case did not come within the purview of the act.

While we express no opinion as to whether such a business may come within the meaning of the words "mill, factory, or workshop," as used in the statute, we think the plaintiff was employed in the distribution of merchandise, and therefore was within the protection of the statute.

In *Queen* v. *Dayton Coal & Iron Co.*, 95 Tenn., 458, 32 S. W., 460, 30 L. R. A., 82, 49 Am. St. Rep., 935, this court held that the employment of a boy under twelve years of age in a mine, in violation of chapter 170 of the Acts of 1881, rendered the employer liable for any injury that might be sustained by the boy in the course of his employment.

In *Iron & Wire Co.* v. *Green*, 108 Tenn., 161, 65 S. W., 399, it was held that the employment of an infant, less than twelve years of age, in a factory, in violation of Acts 1893, chapter 159, rendered the employer liable for all injuries sustained by the infant, even though the child was injured while not actually performing any duty for which he was employed. In that case, according to the defendant's view of the facts, the boy was employed to work in the factory, and voluntarily left his work, and, as

139 Tenn.—33

he passed through the factory yard, turned aside to play with some panels stacked against a post, causing them to fall and injure him. The court held that, notwithstanding the boy's negligence, there was a causal connection between the wrongful employment and the injury, and therefore the master was liable. In speaking of that act, which has been amplified in the present act and impliedly repealed by the latter, this court said:

"The statute in question, like that involved in *Queen* v. *Dayton Coal & Iron Company,* was wisely adopted by the legislature with the view of keeping children out of employment where the services incident thereto were likely to be too heavy a task for their immature strength, or might be rendered in places and about machinery, which, because of their inexperience and thoughtlessness, would be constantly fraught with danger to them."

In *Finley* v. *Furniture Co.,* 119 Tenn., 701, 109 S. W., 504, in speaking of a declaration in a suit in which a boy sued for damages for personal injuries sustained while employed in a factory, it was held the declaration "would have supported the action, without more, had it proved to be a fact that he was in the service of this corporation, hurt in that service, and under fourteen years of age."

The judgment of the court of civil appeals is reversed, and the case will be remanded.