## HIGHLAND COAL AND LUMBER COMPANY v. GEORGE CRAVENS, Administrator.

Middle Section. July 31, 1928.

Petition for Certiorari denied by Supreme Court, January 11, 1929.

Case & Wright, of Jamestown, and Roberts & Roberts, of Nashville, for plaintiff in error.

W. A. Garrett, of Jamestown, for defendant in error.

DeWITT, J. This was an action for damages brought by George Cravens, administrator of his son, Arvalis Cravens, deceased, to recover of defendant Highland Coal & Lumber Company for the alleged wrongful and negligent killing of his said intestate while employed in a coal mine operated by the defendant. A trial before the Circuit Judge and a jury resulted in a verdict and judgment in favor of the plaintiff for the sum of $10,000.

The action was based upon the unlawful employment of Arvalis Cravens in the coal mine, while he was under the age of sixteen years. On June 24, 1924, he was fatally burned in the mine by the explosion of a can of powder and he died a few hours after the accident. There is substantial evidence that on the day of his death he was fifteen years and seventeen days old, although he appeared to be more than sixteen years of age. The boy had been employed for several months by his father George Cravens, who was a miner in the employment of the defendant, as a "chalk-eye" or helper to his father, and he was paid wages by his father out of the compensation which his father drew from the company as a miner.

In the declaration it was averred that the boy left a father and mother surviving him; and under the provisions of chapter 50 of the Acts of 1923, if this judgment should be affirmed the benefits would go in equal shares to the father and mother. There is substantial evidence that when the boy was employed for work in the mine under request of his father, no question was asked by the defendant's officers or agents as to the age of the boy, and it is undisputed that the provisions of the laws regulating the employment of minor children (Ch. 57 of the Public Acts of 1911; Ch. 77 of the Public Acts of 1917; Ch. 43 of the Public Acts of 1921; Shannon's Code, secs. 4433a86, 4433a88, Shannon's Code Supplement, sec. 4433a86b1) were not complied with. The Act of 1911 prohibits the employment of a minor under sixteen years of age in any mine. The subsequent acts construed together, provide that in any civil or criminal action against the employer for alleged violation of the prohibitions of said Acts it shall be a complete defense that the employer has obtained and kept on file an employment certificate, issued by the county superintendent of schools, or one authorized by him, upon application in person of the child being made by its parent, guardian or custodian; or a birth certificate issued by a register of vital statistics, or a certificate of baptism, showing the

place of birth and place of baptism of the child, or a bona-fide record of the date and place of the child's birth kept in the family Bible; or a passport or a life insurance policy at least one year old showing the age of the child; or a certificate signed by two physicians, at least one of whom shall be a public health officer or public school medical inspector, stating that they have separately examined the child and that in their opinion the child is at least sixteen years of age, etc. In other words, these statutes provide that it shall be a misdemeanor either for one to employ or for a parent, guardian or custodian of a child under sixteen years of age to permit or suffer such child to be employed or to work in a mine, unless any one of such certificates shall be obtained and kept on file, in the aforesaid order of preference, showing that the child was over sixteen years of age.

It is well settled that the breach of the statute forbidding such employment is actionable negligence whenever it is shown that injuries were sustained or death occurred in consequence of the employment; and that if injury or death occur while the child is engaged in such unlawful employment it is in consequence thereof and there is liability. Queen v. Dayton Coal & Iron Co., 95 Tenn., 458, 32 S. W., 460, 30 L. R. A., 82, 49 Am. St. Rep., 935; Iron Wire Co. v. Green, 108 Tenn., 161, 65 S. W., 390; Harrison v. Rascoe, 139 Tenn., 511, 202 S. W., 69; Western Union Telegraph Co. v. Ausbrooks, 148 Tenn., 615, 257 S. W., 858, 33 A. L. R., 330. It is insisted that the trial judge erred in overruling defendant's objection made to the testimony of George Cravens as to what his deceased son said in response to a question from him, as follows: "Just as I got to him I said: how did it happen? He said: I went to get me a drink and I knocked my cap off.". Under his father's direction the boy had set down an open can of powder and then proceeded to eat his lunch. His father was about seventy feet away when the explosion occurred. He rushed immediately to the boy and this conversation was had between them. We are inclined to approve the admission of this testimony as to res gestae for the statement was made almost immediately after the accident when the boy was terribly injured and in great pain and excitement; but if it were not admissible the admission of it was immaterial for the reason that it was not necessary to show just how the accident occurred, the fact being that the boy was injured in consequence of his unlawful employment. This of itself was sufficient to raise liability without the explanation as to how the powder came to be exploded and the boy injured. The court overruled defendant's motion for peremptory instruction made at the end of all the testimony and based upon the insistence that the uncontradicted evidence showed and the plaintiff admitted that he knowing

that his deceased son for whose death he sued was under sixteen years of age, took his said son into defendant's mine as his helper to work therein, his unlawful conduct was therefore the direct cause of the injury.

In International Agricultural Corporation v. Cobble, 146 Tenn., 120, 240 S. W., 295, it was ruled that a father who procured unlawfully the employment of his son by misrepresenting his age could not recover of the employer in an action for his benefit for the death or injury of the son occurring in consequence of the employment; that the law forbids that one shall profit by his own misconduct, fraud or deceit. It has been repeatedly held by our Supreme Court that a person whose negligence has proximately contributed to the death or injury of another cannot recover in an action for his benefit for such death or injury. Bamberger v. Citizens Street Railway Company, 95 Tenn., 18, 31 S. W., 163, 28 L. R. A., 486, 49 Am. St. Reps., 909; Anderson v. Street Railway Co., 143 Tenn., 216, 227 S. W., 39. The child being deceased the person proximately contributing to his death by negligence or by violation of law can have no right of action. It is otherwise when injured minor sues for injuries while engaged in unlawful employment when he has misrepresented his age when seeking employment. Knoxville News Co. v. Spitzer, 152 Tenn., 614, 279 S. W., 1043.

The evidence shows that George Cravens, the father, not only knew that his son was under sixteen years of age during his employment, but also that he knew such employment was unlawful. He also was guilty of a misdemeanor in employing his son, and securing the defendant's consent to the employment for work in the mine. Upon being asked by a fellow employee how old the boy was he told him that he was under sixteen, and his fellow employee told him, as he admitted, that the company would not let the boy work if they found that out.

It appears that on March 12, 1926, this boy made application for inclusion under a policy of group insurance at the solicitation of an insurance agent named McDade; and that he told the agent in the presence of his father that he was seventeen years of age and that his father made no denial of it, saying nothing, but there is no evidence that this representation was communicated to the defendant company and it is treated as immaterial. There is testimony of the mine foreman that George Cravens procured his son to the employment in the mine by representing to him that his son was eighteen years of age, but Cravens denied this and it is disregarded. We are of the opinion however that as to George Cravens, the father, peremptory instructions should have been given denying to him any recovery, for although he did not verbally

misrepresent the age of his son, he did violate the law by taking him into employment in the mine and impliedly he misrepresented his age. He employed the boy as his helper and the consent of defendant company was obtained upon his solicitation. The boy was thus exposed to a danger which was as well known to his father as it was to the defendant. In Rush Cooperage Co., et al., v. J. F. Atkinson, Administrator, Cumberland Law, 1922 (Writ of certiorari being later denied by the Supreme Court) the Court of Civil Appeals, speaking through Judge Faw, denied a recovery to the administrator, who was the father of a boy eleven and one-half years of age who was killed at a saw mill by coming in contact with a revolving line shaft while working at and about said mill through the solicitation of his father. It was held that the plaintiff was precluded from the recovery by reason of the principles announced in the Bamberger, Anderson and Cobble cases. Clearly therefore, George Cravens, the father is precluded from receiving the benefit of any recovery in this case.

The question then arises whether or not under the facts the mother is entitled to any recovery. In Anderson v. Memphis Street Railway Co., supra, the mother of a boy killed by collision with a street car proximately resulting from her negligence in driving an automobile, was denied any benefit of recovery from the Street Railway Company, but as the sister of the deceased boy was not guilty of any negligence she as the other beneficiary was held not to be prejudiced by her mother's fault.

There is no evidence that Mrs. Isabelle Cravens, the mother of the deceased boy, took any part in procuring the consent of the defendant company to his working in the mine, nor that she made any representation as to his age to any one representing the defendant, or that the defendant was misled by any act of hers into giving consent to the employment. The only evidence as to any part taken by her in this matter is found in two statements made by her in answer to questions, as follows: "I would never have allowed him to work there if I could have done any better. I was doing peoples hard work to try to live."

"If I had had to sign up for the child to work I would have grubbed before I would sign it."

We think that upon this evidence the mother should not be precluded from receiving any benefit of a recovery. In the absence of proof of any active effort, or any verbal representation on her part, and in view of the father's primary control of the child as the head of the family, we do not think that the evidence shows negligence, actual or imputed, or violation of law on the part of the mother. In view of these conclusions certain assignments of error complaining of refusal of the trial judge to charge requests

submitted, are immaterial. The third and fourth assignments of error are based upon the refusal of the trial judge to charge that the verdict should be in favor of the defendant should the jury find that the plaintiff George Cravens, knowing that his son was under the age of sixteen years took him into the mine as a helper working for him, and knowingly permitted him to work in the mine without objection on his part. We do not find the rule embodied in these requests to have been given by the trial judge and it should have been presented to the jury; but although George Cravens is not entitled to recover, his wife could not be affected by it or by any instruction that under such circumstances he would not be entitled to recover. These assignments of error are therefore overruled.

The fifth assignment of error is based upon the refusal of the trial judge to sustain defendant's motion for directed verdict in his favor; and we are of the opinion, for reasons heretofore given, that this motion should have been sustained to the extent of instructing the jury that George Cravens, the father of the boy was not entitled to any share in the recovery and that as to him the verdict should be for the defendant.

The sixth assignment of error is that the trial judge erroneously charged the jury upon the measure of damages as follows:

"I instruct you that the measure of damages would be just compensation to the plaintiff for the death of his intestate, taking into consideration all the facts and circumstances connected with the injury and death in determining what would be fair and just compensation to the plaintiff on account of the death of his son."

It is complained that this instruction proceeded upon the idea that the suit was by the father as parent rather than by him as administrator; that it would apply to an action by the parent for the loss of services, and this is an action by his administrator. In this very instruction the trial judge recognized the capacity of plaintiff suing as administrator, and if he had used for the second time in this sentence the word "intestate" instead of the word "son," there could have been no lawful complaint. The trial judge had pointed out that the plaintiff sued as the administrator for damages for the death of his intestate. Just prior to the instruction complained of he said to the jury, "If you find in favor of the plaintiff in this case it will be necessary for you then to go further and fix and assess the amount of damages to which you would think the plaintiff as administrator would be entitled to recover."

In view of all the language thus used in the charge we do not think that the jury could have been misled into interpreting it

as meaning that the damages to be assessed were damages for the loss of services to the father.

The ninth assignment of error is as follows:

"Under the undisputed evidence in this case plaintiff is estopped from any recovery on account of the fact that he, knowing his deceased son was under the age of sixteen years, took him into and permitted him to work in defendant's mines."

For reasons heretofore given this assignment of error is sustained. It was the eighth ground of the motion for new trial. After the motion for new trial had been overruled, the defendant moved in arrest of judgment upon this ground, and this motion was overruled.

In the tenth assignment of error the overruling of this motion in arrest of judgment is complained of. A motion in arrest of judgment lies alone for some error which vitiates the proceeding or is of so serious a character that a judgment should not be rendered. It can only be maintained for a defect upon the face of the record and the evidence is no part of the record for this purpose. Pelican Assurance Co. v. American Feed etc., Co., 122 Tenn., 652, 126 S. W., 1085. We do not find that the declaration in this cause contains averments that the father employed the boy or that the boy worked with him in the mine, or that he violated the law in taking him into the mine or allowing him to work in the mine, or that he misrepresented his age to the defendant company. The record proper does not contain anything upon which such motion in arrest of judgment could be based; therefore this assignment of error is overruled.

In the seventh assignment of error it is insisted that the verdict of the jury is excessive and in such amount as to indicate prejudice, passion and caprice on the part of the jury. It appears that Arvalis Cravens was a tall, well-developed boy, in good health, earning $1.50 per day, and his board; that he had had very little education but could read and write. The amount of damages recoverable in an action under the statute for wrongful death is a matter dependent most largely upon the judgment of the jury and their sound discretion, after carefully, honestly and fairly considering all of the various elements that enter into the question. Davidson Benedict Co. v. Severson, 109 Tenn., 572, 72 S. W., 967; Tennessee etc. Railroad Co. v. Roddy, 85 Tenn., 400, 5 S. W., 286. The evidence shows that the boy was horribly burned, that he endured intense mental and physical suffering. We do not think that the amount awarded by the jury and approved by the trial judge is excessive indicating passion, prejudice and caprice. This assignment of error is therefore overruled. It results therefore that the

first, second, third, fourth, sixth, seventh and tenth assignments of error are overruled; and the fifth and ninth assignments are sustained. The administrator is entitled to recover judgment in this court for $5000, with interest from date of the judgment in the circuit court, for the sole benefit of Mrs. Isabelle Cravens, if he will dismiss this suit in so far as he, George Cravens is concerned. If he prefers not so to dismiss this suit as to himself, the judgment of the circuit court, will be reversed and the cause will be remanded for a new trial. If the administrator accepts the first alternative thus offered to him the costs of the appeal will be adjudged one-half against him and one-half against the plaintiff in error and the sureties on its appeal bond. If he accepts the last alternative the costs of the appeal will be paid by him.

## ON PETITION TO REHEAR.

It is insisted that this court has erred in overruling the assignment of error as to the admission of the testimony of George Cravens as to the deceased boy saying to him, "I went to get me a drink and I knocked my cap off." Counsel insists that this is error because as a matter of law it is necessary for the plaintiff administrator to show by the testimony how the accident occurred as otherwise it may not have been an accident; and that without this the effect of contributory negligence on the part of the deceased is wholly destroyed; and it is not shown that permitting the boy to work in the mines was the proximate cause of the injury. It was not necessary for the plaintiff to prove that the deceased was free from contributory negligence. The plaintiff could make out his case without the introduction of such proof. It is only when contributory negligence is disclosed either by the plaintiff's own evidence or that of his adversary, or by both together, that the burden is on the plaintiff to rebut it. Stewart v. Nashville, 96 Tenn., 50, 33 S. W., 613; Burk v. St. Ry. Co., 102 Tenn., 409, 52 S. W., 170; Railroad Co. v. Herb, 134 Tenn., 397, 183 S. W., 1011; Lovier v. Nashville, 1 Tenn. App., 401; Hughes & Co. v. Hall, 4 Tenn. App., 608. It is not even essential that a declaration in an action seeking a recovery for negligence of the defendant, should negative negligence or default on the part of the plaintiff or his intestate. Railroad v. Davis, 104 Tenn., 448, 58 S. W., 296.

The only evidence at all tending to show contributory negligence on the part of the deceased boy is this statement of the father as to what the boy said to him. Without this it is perfectly clear that there was no burden on the plaintiff to show the absence of such negligence. The admission of this statement was therefore to the advantage of the defendant and it is in no position to complain of it. No assignment of error is predicated upon the instruction given

by the trial judge that "employment of an infant in violation of the statute forbidding such employment and making it a misdemeanor constitutes negligence per se, such negligence as makes the employer liable for all injuries sustained by the infant in the course of his employment." The trial judge did instruct the jury that, "while it is negligence per se to employ a child under sixteen years of age in a coal mine to work, before there can be any recovery, the proof must show that the negligence, although negligence per se, was the prime and proximate cause of the injury inflicted upon him." The jury might have inferred from this instruction that if the injury was proximately caused by the boy's own negligence there could be no recovery. There was no instruction given or requested expressly upon the subject of contributory negligence. Mere omission in the court's charge is not reversible error in a civil case where no request for proper and accurate instructions was made in the court below. Mere meagerness of the charge is not ground for reversal when no request for additional instructions was made. Railroad v. Wynn, 88 Tenn., 332, 13 S. W., 311; Maxwell v. Hill, 89 Tenn., 594, 15 S. W., 253; Railroad v. Acuff, 92 Tenn., 33, 20 S. W., 348; Willcox v. Hines, 100 Tenn., 537, 45 S. W., 781; Haley v. Ogilvie, 2 Tenn. App., 607.

It is true that in an action based upon negligence per se in the unlawful employment of a minor the defense of contributory negligence may be made, and that the issue thus made is to be determined by the jury under full explanation by the trial judge as to the degree of care required of the minor. Queen v. Dayton Coal and Iron Co., 95 Tenn., 458, 32 S. W., 460; Manning v. American Clothing Co., 147 Tenn., 274, 247 S. W., 103. In the case before us contributory negligence was manifestly not relied on by the defendant. In Iron & Wire Co. v. Green, 108 Tenn., 161, 65 S. W., 390, in which this defense was made, the court said:

"The very employment is a violation of the statute, and every injury that results therefrom is actionable."

In Western Union Telegraph Co. v. Ausbrooks, 148 Tenn., 615, 257 S. W., 858, the court said:

"In the case before us, according to the proof of plaintiff below, the employment of the Ausbrooks boy was negligent and he met his death in consequence of—while engaged in—his employment, Therefore there is liability."

It results, therefore, that the petition to rehear is not well taken and it is overruled at the cost of the petitioner. The defendant in error, George Cravens, administrator, having elected to dismiss this suit so far as George Cravens is concerned, judgment will be entered in this court in favor of George Cravens, administrator, for the sole benefit of Mrs. Isabelle Cravens, against the Highland Coal

and Lumber Company for the sum of $5000, with interest from the date of the judgment in the circuit court, and also against said company and the sureties on its appeal bond for one-half of the costs of the appeal. The other one-half will be adjudged against the defendant in error, George Cravens, administrator.

Faw, P. J., and Crownover, J., concur.