# KINGSUL THEATRES, Inc., v. QUILLEN No. 1.—196 S. W. (2d) 316.

Eastern Section. March 16, 1946.

Petition for Certiorari denied by Supreme Court, June 1, 1946.

Minter & Tipton, of Kingsport, and Simmonds & Bowman, of Johnson City, for plaintiff in error.

Harry L. Garrett, of Kingsport, for defendant in error.

McAMIS, J. Mrs. Hannah Quillen sued the defendant below, Kingsul Theatres, Inc., to recover damages for personal injuries sustained when she fell at the entrance of the Rialto Theatre operated by the defendant. The trial judge approved a jury verdict for $3,000 resulting in this appeal in error by the defendant.

The declaration charges that the defendant was guilty of both common law negligence and a violation of a municipal ordinance of the City of Kingsport prohibiting steps in passagè ways leading from the sidewalk to the entrance of a theatre. The assignments are directed to the refusal of the trial court to direct a verdict in defendant's favor because, it is argued, there is no proof of any negligence on the part of defendant but, if so, plaintiff was guilty of proximate contributory negligence in continuing to walk toward the step while looking back over her shoulder for a companion knowing that the step was located between the Theatre entrance and the sidewalk, to the refusal of the court to charge certain special requests and to alleged errors in the charge as given.

The facts will be stated in the aspect most favorable to the verdict. The Theatre fronts approximately thirty feet on the sidewalk which, to a person facing the Theatre, is on a gradual slope from the right of the building to the left. As a result, the step from the sidewalk to the

Theatre entrance is approximately three inches in height while the step on the left of the building is approximately six inches in height, a difference of three inches.

On the night of October 23, 1944 Mrs. Quillen, accompanied by her daughter and granddaughter, attended a moving picture show at the Theatre. They entered the building over the three inch step on the right, passing to the right of the ticket booth in the middle of the Theatre entrance. As they entered the entrance was brilliantly lighted by numerous lights suspended from a marque overhanging the sidewalk. About two hours later Mrs. Quillen's son came to the Theatre to take her home and to assist the granddaughter in catching a bus for her home in Virginia. All of these parties prepared to leave the Theatre together. Mrs. Quillen and her son passed immediately through the front door and were walking toward the sidewalk when Mrs. Quillen says she realized that her daughter and granddaughter had not come out of the Theatre as she expected. We quote her testimony as to what occurred at this point:

"Q. Now as you came out and as you neared the street what happened to you? A. Well, my daughter and my granddaughter was back in the show or wasn't with us—didn't see them, so I looked back to see if I could see them and I just kept walking and when I turned my head to look back and stepping, you see, I stepped off that place and fell and hit right out there in the sidewalk.

"Q. What caused you to fall? A. Looking back for my daughter and granddaughter. My granddaughter was leaving that night on the bus. She was going to Virginia and I wanted to speak to her before she left.

"Q. Did you remember that step-down as you came out there at that time? A. No, I didn't."

██ We think there was sufficient evidence of common law negligence to take the case to the jury on the first count of the declaration. The proof shows that the peculiar construction of the entrance way and particularly the color of the tile floor created the illusion that the entrance terminated on the level of the sidewalk; that the step was not noticeable to people coming out of the Theatre and that numerous patrons over a period of years had stumbled or actually fallen at this point. It is the duty of a moving picture theatre to use ordinary care to put and keep its place in a reasonably safe condition for its patrons, (Loews Nashville & Knoxville Corporation v. Durrett, 18 Tenn. App. 489, 79 S. W. (2d) 598), and we think it was for the jury to say, under the circumstances, whether the building in question was reasonably safe.

The ordinance relied upon is an amendment to an ordinance of the City of Kingsport providing for a code of building regulations. The amendment provides:

"Theatre, moving picture houses and all places where large public assemblages are frequent, shall have its entrance floor reached by a gradient from the sidewalk, and no steps shall be built in any passage way leading to said entrance floor."

██ The violation of a municipal regulation or ordinance designed to provide for the safety of buildings and premises constitutes negligence per se. American National Bank v. Wolfe, 22 Tenn. App. 642, 125 S. W. (2d) 193 and cases there cited; notes 132 A. L. R., 871, 873; Taylor v. City of Cincinnati, 143 Ohio St. 426, 55 N. E. (2d) 724, 155 A. L. R. at page 51 and cases cited.

Counsel for the defendant make the ingenuous argument that the amendment quoted, being a part of a code of building regulations, does not apply to defendant be-

cause it neither constructed nor owned the building at the time in question and merely occupied it as lessee for a period of years.

◼ The original ordinance establishing a code of building regulations is not a part of the evidence. Consequently, we do not know whether it undertakes to regulate both the construction and maintenance of buildings or whether it applies only to buildings constructed after its enactment. But we think this can make no difference. The amendment is manifestly designed to promote safety in buildings used for public gatherings and the operation by defendant of a theatre in a building not conforming to the provisions of the ordinance constitutes a violation of the ordinance. We are not considering the liability of the landlord. The building was not a "theatre, moving picture house . . . where large public assemblages are frequent" until the defendant, as lessee, put it to that use. It could have been used as a mercantile establishment, a residence or a place of storage, for example, without offending the ordinance. The defendant was in the exclusive possession and control of the building or at least of the entrance and so far as the public was concerned it was the owner.

◼ "Where a lessee continues to use the premises for a public resort with knowledge of their defective condition, he will be liable for injuries sustained by an invitee by reason of such condition, although the landlord is also jointly liable with the tenant by reason of the existence of such defects at the time of the letting." 36 C. J., 246.

◼ A tenant or occupant having entire control of the premises is, so far as the public or third persons are concerned, the owner. Midland Oil Co. v. Thigpen et al., 8 Cir., 4 F. (2d) 85; 53 L. R A. 311; 32 Am. Jur. 695.

■ We are also of opinion it was for the jury to say whether plaintiff was guilty of proximate contributory negligence. She says she had not been to the Rialto Theatre for three or four years; that while she knew the step was there she did not see it when she came out of the Theatre and before she fell and did not think of it when she looked back to find out why her daughter and granddaughter had not come out of the Theatre as she expected. Her son testified that when she looked back she was within a foot or two of the step, leaving the inference that she momentarily, and while taking only one step forward, failed to look where she was stepping. We think, under the facts outlined, the trial judge was correct in submitting to the jury the question of whether or not the distraction which caused her to fail to look was sufficient to justify her momentary forgetfulness of the step.

In City of Knoxville v. Cox, 103 Tenn. 368, 53 S. W. 734, a pedestrian on a street or sidewalk momentarily forgot about the removal of a guard rail along a wall and, as a result, fell over the wall and was injured. The City relied upon the rule that one knowing of a danger cannot recover if he was injured as a result of temporarily forgetting the danger. To this defense the court made the following response:

"If this (the rule relied upon) is to be understood as announcing the proposition that prior knowledge of a defect, with momentary forgetfulness of its existence, resulting in an injury, constitutes contributory negligence which will bar recovery then we are not prepared to accept it. These facts, while they are to be considered by the jury in determining whether the plaintiff's negligence has proximately contributed to his injury, in and of themselves do not necessarily constitute such negligence."

. The judgment for the plaintiff was affirmed although there is no suggestion in the opinion that plaintiff's momentary forgetfulness was induced by an occurrence which distracted his attention.

However, in the later case of Mayor & Aldermen of Knoxville v. Cain, 128 Tenn. 250, 159 S. W. 1084, 1085, Ann. Cas. 1915B, 767, where the plaintiff was injured while walking along the street after dark by falling over some stakes, the presence of which he was familiar with, but forgot about, it was held that the trial court should have directed a verdict for the City because of the absence of any explanation as to why the plaintiff walked into a position of known danger. The court said that many distractions, "even the hail of an acquaintance across the street, may divert the attention from a known danger, without impeachment of negligence on the part of the person so diverted (having respect however, always to the gravity of the danger, which, when grave, should command the greater attention); but we do not see how one can be excused who admits that there was nothing to divert his attention, that he simply forgot—that is, that he failed to pay attention to his going."

In the course of the same opinion the court said:

"We agree that a citizen walking along a street does not have to keep his eyes on the pavement all the time; that he may presume the city has done its duty; that even when he knows it has not done its duty, and there is a defect of which he has knowledge, he does not have to keep the defect in mind at all times on peril of suffering injury without redress; that if his attention is called away by any cause adequate to effect that result, considering human nature in its ordinary aspects, and with regard to its ordinary susceptibilities, he may be excused; *and that a jury must judge of the adequacy and reasonableness of*

*such cause as related to the duty of ordinary care on the part of the citizen.''* (Emphasis supplied.)

This case is strongly relied upon by defendant in support of its contention that plaintiff was guilty of contributory negligence as a matter of law. But, we think, the effect of the holding is to sustain the trial judge in this case. The court expressly held that the jury must determine the adequacy of the distracting cause of forgetfulness and it would seem that if the hail of an acquaintance would constitute a sufficient cause, a normal curiosity or anxiety on the part of plaintiff in this case when her daughter and granddaughter failed to come out of the Theatre as she expected (since they all prepared to leave at the same time) might also be considered by the jury a sufficient cause, especially when the only danger which she should have kept in mind was a six inch step. Such a step is not in the class of patent or glaring dangers which, because of the serious injury they are likely to inflict, must always be kept in mind.

We think the facts in Pass v. Jones, 16 Tenn. App. 321, 64 S. W. (2d) 511, relied upon by defendant, distinguish it from the present case. In that case the plaintiff, Mrs. Pass, while conversing with her mother and engaged in preparing a meal, momentarily forgot that the top step was missing on a flight of steps leading from the kitchen to the ground. She had previously been injured because of the missing step. The danger was glaring and patent and the court held that there was no occurrence out of the ordinary to distract her attention from it. It was accordingly held that the trial court correctly directed a verdict because of the contributory negligence of the plaintiff. In this case Mrs. Quillen, as noted, had not attended the Theatre for three or four years before she was injured. It is true she knew the step was there but

there was nothing to impress it upon her mind as a danger to be encountered and the jury may have thought the circumstances were sufficient to excuse her failure to keep it in mind and that in looking over her shoulder for her daughter and granddaughter while moving forward a foot or two did not constitute contributory negligence proximately resulting in her injury. We think there was no error in overruling defendant's motion for peremptory instructions and the assignments directed to that action are overruled.

■■ The assignments relating to the charge of the court are too numerous to be separately discussed in this opinion. Certain assignments make the point that the court erred in charging the jury that the defendant would be liable if the jury found that its negligence was the proximate cause of the injury without in the same sentence or paragraph charging that this would be true provided the plaintiff was not guilty of proximate contributory negligence. The court in another portion of the charge fully covered the defense of contributory negligence and we cannot say there was reversible error in failing to repeat the law of contributory negligence each time the jury was charged as to the negligence of the defendant. We think there was no error in charging the jury the law of remote contributory negligence and in submitting that question to the jury and, having charged the jury that if plaintiff's negligence combined or concurred with the negligence of the defendant, there was no error in refusing to charge the special request tendered by defendant that "if plaintiff's negligence, if any, continued up to the point of the accident, either the negligence of the parties was concurrent or else the plaintiff could have avoided the accident, making the negligence in either event a proximate cause of the accident."

 It is insisted that the court erroneously put the burden of showing contributory negligence upon defendant in view of plaintiff's testimony that she knew of the location of the step but failed to keep it in mind and looked back while approaching it. The court correctly charged the jury that the burden of proving plaintiff guilty of contributory negligence was upon the defendant unless plaintiff's own testimony and proof made out a case of contributory negligence. Highland Coal & Lbr. Co. v. Cravens, 8 Tenn. App. 419, 427 and cases cited. In the absence of any proof there is a presumption that plaintiff was in the exercise of due care for her own safety. Burke v. Citizens St. Ry. Co., 102 Tenn. 409, 52 S. W. 170.

We think this criticism of the charge would be well made if momentary forgetfulness under any and all circumstances amounts to contributory negligence as a matter of law. But this is not the rule. City of Knoxville v. Cox, supra; Mayor & Aldermen of Knoxville v. Cain, supra. It is true plaintiff admitted that she momentarily forgot the step because her mind was distracted by the circumstances related in her testimony. As we have seen, the sufficiency of the excuse offered was a matter to be judged by the jury in the light of the gravity of the danger. Since the excuse, in our opinion, was not insufficient as a matter of law, the burden still rested upon defendant, as the court charged, to show that plaintiff was guilty of proximate contributory negligence. For the court to have charged the jury that the burden of proof was upon plaintiff would have been equivalent to deciding the issue as one of law when, in reality, it is one of fact unless all reasonable minds must agree that plaintiff's failure to look for the reasons given in her testimony failed to measure up to the standard of ordinary care.

 But, if we are mistaken in so holding, we do not think the error constitutes reversible error. An error in placing the burden of proof on the wrong party may be ground for reversal where the case is close on the issue to be determined by the jury. Nashville Ry. & Light Co. v. Dungey, 128 Tenn. 587, 163 S. W. 802; Nashville Bridge Co. v. Hudgins, 23 Tenn. App. 677, 137 S. W. (2d) 327. In this case however, the facts bearing on contributory negligence are not in dispute. The jury were not required to weigh the evidence and determine where the preponderance lay. Their function was merely to take the undisputed facts and the inferences reasonably to be drawn therefrom and find whether plaintiff's conduct was that of a reasonably prudent person. Their conclusion on that question necessarily determined their finding as to contributory negligence and it is not easy to see how the charge complained of could have adversely affected the verdict. Under Chapter 32, Public Acts of 1911 there must be an affirmative showing of prejudice to warrant reversal.

We have considered the other criticisms leveled at the charge, as well as the refusal of the court to charge certain special requests, and find them without merit. The judgment below must be affirmed with costs.

Hale and Burnett, JJ., concur.