## J. L. MOSLEY v. ROBERT ORR & COMPANY.

Middle Section.    October 1, 1927.

Petition for Certiorari denied by Supreme Court, January 13, 1928.

1. **Pleading. A motion for new trial is an appropriate method to raise the question of variance.**
   Where it was insisted by the defendant that there was a variance between the proof and the averments in the justice of the peace warrant and the defendant after the trial filed a paper entitled "Motion for New Trial," in which this question was raised, held that the motion was sufficient.

2. **Pleading. Motion in arrest of judgment referring to grounds set out in motion for new trial is not too indefinite.**
   Where following the overruling of defendant's motion for new trial, the record recites, "the defendant then moved in arrest of judgment on said grounds above, which motion was overruled," held that if the motion for new trial contained matters appropriate to a motion in arrest of judgment, that the motion would not be defective because of indefiniteness.

3. **Pleading. Motion in arrest of judgment reaches defects upon the face of the record.**
   A motion in arrest of judgment can be maintained only for a defect upon the face of the record, and the evidence is no part of the record for that purpose.

4. **Pleading. Motion in arrest of judgment does not reach a variance.**
   A motion in arrest of judgment will not lie on account of a variance between the declaration and the proof.

5. **Appeal and error. Where trial judge does not make a written finding of facts, the judgment will be sustained if there is any evidence in the record to support it.**
   Where neither the plaintiff nor the defendant request the trial judge to file a written finding of facts, if there is any evidence to sustain the judgment of the Circuit Court it must be affirmed.

6. **Partnership.** Under Tennessee Uniform Partnership Act of 1917, chapter 14, a party holding himself out to be a partner is liable as a partner.

Where a party held himself out to the public as being a partner in certain business, held that he was liable as a partner for debts of the business.

7. **Pleading.** Variance. Held that there was no variance where party was sued on open account, and the proof showed the account was sold to one whom defendant held out as his partner.

In an action to recover on an account where the Justice of the Peace warrant stated that the action was on an open account and the proof showed that the account was for the sale and delivery of goods to another upon the faith of representations made by defendant that he was a partner in the business operated by the other, held there was not a variance from the averment of the warrant but there was competent evidence in support of the cause of action stated in the warrant.

Appeal in Error from Second Circuit Court, Davidson County; Hon. A. B. Neil, Judge.

Affirmed.

Roberts & Roberts, of Nashville, for plaintiff in error.

Bass, Berry and Sims, of Nashville, for defendant in error.

FAW, P. J. This suit was brought by Robert Orr & Company against J. L. Mosley before a Justice of the Peace of Davidson county. The cause of action stated in the warrant issued by the Justice of the Peace is "a plea of debt due by open account $112.90 and interest $1.82."

From a judgment of the Justice of the Peace against the defendant for $114.72, the defendant appealed to the circuit court of Davidson county, and the case was thereafter tried in the second circuit court before Judge Neil, without the intervention of a jury, and the court found that the defendant is indebted to the plaintiff in the sum of $114.72, and judgment was accordingly rendered against the defendant and the surety on his appeal bond, R. B. Hager, for that amount and the costs of the cause. The defendant prayed on appeal in the nature of a writ of error to this court, which was granted by the trial court and perfected by the defendant.

Although J. L. Mosley, the defendant below, is the plaintiff in error here, we will, as a matter of convenience, continue to refer to Robert Orr and Company as the plaintiff and to J. L. Mosley as the defendant.

A preliminary question is presented by a motion of plaintiff to dismiss the appeal and affirm the judgment of the circuit court. The motion just mentioned is predicated upon the assertion therein that the defendant did not make and file a motion for a new trial in the circuit court.

The record shows that, within ten days from and after the finding and judgment of the trial court, the defendant filed and presented to that court a lengthy motion styled "Motion For New Trial," the opening paragraph of which is in these words: "Comes the defend-

ant, J. L. Mosley, and moves the court to set aside the judgment entered herein and to modify the opinion and finding of fact filed herein, for the following reasons;'' and which motion contains twenty-eight . alleged grounds, set forth in separate paragraphs and numbered from one to twenty-eight, inclusive, upon which grounds defendant asserts that the judgment of the circuit court should be set aside. Although presented in several different forms, the fundamental question which defendant attempted to raise by nearly all of the aforesaid twenty-eight assignments in his motion is that there was a fatal variance between the averments of the Justice of the Peace warrant and the proof offered by plaintiff, and that defendant is therefore not liable to plaintiff for the amount of the account sued on in this case, or any part thereof.

A motion for a new trial is an appropriate method by which to make a question of variance such as that just stated; and we think it would be ''sticking in the bark'' to hold that the defendant's aforesaid motion made in the court below was not a motion for a new trial. The plaintiff's motion to dismiss the appeal is therefore overruled.

The trial court overruled the defendant's motion for a new trial, and immediately following the minute entry of such overrulement, the record recites that ''the defendant then moved in arrest of judgment on same grounds above, which motion was also overruled.'' It is claimed for plaintiff that this cannot be treated as a motion in arrest of judgment because it is too general and indefinite and does not state any specific ground on which it is rested.

The words ''same grounds above,'' in the purported motion in arrest of judgment, manifestly refer to the grounds set forth in the preceding motion for a new trial, and if the motion filed as the mo· tion for a new trial had perchance contained matters appropriate to a motion in arrest of judgment, we are not now prepared to hold that such reference in the motion in arrest of judgment would not have been sufficient to save it from the charge of a fatal vagueness and indefiniteness.

But not one of the questions which defendant makes by his motion for a new trial can be decided without a consideration of the evidence in the case, or some part of it. A motion in arrest of judgment can be maintained only for a defect upon the face of the record, and the evidence is no part of the record for that purpose. Pelican Assurance Co. v. American Feed and Grocery Co., 122 Tenn., 652, 655; 34 Corpus Juris, pp. 31 and 29.

A motion in arrest of judgment will not lie on account of a variance between the declaration and the proof. Allen v. Word, 6 Humph., 283; 34 Corpus Juris, p. 39.

The assignments of error in this court are, with one exception,

copies of the twenty-eight grounds of the motion for a new trial below.

Neither the plaintiff nor the defendant requested the trial judge to file a written finding of facts; hence, under long established rules, if there is any evidence in the record to sustain the judgment of the circuit court in favor of the plaintiff, it must be affirmed.

The record discloses the following facts: One Carl Hager conducted a grocery store at 728 Gallatin Road, in the City of Nashville, from January 1, 1918, until his death on June 6, 1924. The stock of goods and fixtures and the building in which the business was conducted were bought from one Pearson, and the entire purchase-price of the building, fixtures and goods was paid by the defendant J. L. Mosley. Pearson, the vendor, conveyed the real property by deed to defendant Mosley and his wife, the latter being the mother of Carl Hager, but the stock of groceries was, at the direction of defendant Mosley, turned over to Carl Hager, who had negotiated the purchase of all the property.

Defendant Mosley was living in Texas at the time of the transaction just mentioned, but in the year of 1920 he moved to Nashville, Tennessee, and from that time forward he and his wife occupied an apartment upstairs over the Carl Hager grocery store.

The plaintiff Robert Orr and Company is a wholesale mercantile house in Nashville, and is suing upon an account for groceries sold and delivered to Carl Hager in the year of 1924. The trial judge filed a brief written finding of certain facts, as follows:

"In this cause the court finds that the defendant J. L. Mosley was not a partner in business with Carl Hager, but that he represented himself to be a partner. The defendant, J. L. Mosley, furnished the money to put the said Carl Hager in the grocery business and was the sole owner of the house in which the business was conducted. He lived over the store and was frequently at the store when salesmen called for the purpose of selling merchandise. At different times he represented that he was the owner of the business. He signed a paper to R. G. Dunn and Co. reciting that he was a partner. While this is denied by defendant, I am of opinion that the weight of the evidence shows the signature to be that of the defendant J. L. Mosley.

"A. B. Neil, Judge."

The defendant denied that he, at any time, represented that he was the owner of or a partner in the business operated by Carl Hager, and denied that "he signed a paper to R. G. Dunn and Company reciting that he was a partner," but there is in the record ample evidence, of a material and substantial character, to sustain the aforesaid findings of the trial court.

There is also material evidence that the goods going to make up the account sued for were sold and delivered by plaintiff on the faith of representations made by defendant to plaintiff's agents that he (defendant) was a partner in the aforesaid grocery business conducted by Carl Hager.

Under these facts, and the law applicable thereto, the judgment rendered against defendant in this case was proper. The Tennessee Uniform Partnership Act of 1917, chapter 140, contains the following provisions:

"Sec. 16. Partner by estoppel.—(1) When a person by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

"(a) When a partnership liability results, he is liable as though he were an actual member of the partnership.

"(b) When no partnership liability results, he is liable jointly with the other persons, if any, so consenting to the contract or representation as to incur liability, otherwise separately.

"(2) When a person has been thus represented to be a partner in an existing partnership, or with one or more persons not actual partners, he is an agent of the persons consenting to such representation to bind them to the same extent and in the same manner as though he were a partner in fact, with respect to persons who rely upon the representation. Where all the members of the existing partnership consent to the representation, a partnership act or obligation results; but in all other cases it is the joint act or obligation of the person acting and the persons consenting to the representation."

It is conceded by defendant that the warrant issued by the Justice of the Peace states a good cause of action upon its face; but it is contended for defendant that the introduction and proof of an account against Carl Hager and the testimony of witnesses to the effect that defendant had stated to representatives of the plaintiff that he owned the business operated by Carl Hager, or had stated that he was the partner of Carl Hager, was not sufficient to support the averments of the warrant to the effect that defendant was indebted to plaintiff on an open account in the sum of $112.90, with

interest. In other words, defendant's contention is, that there was a fatal variance between plaintiff's pleadings and the proof. We do not think so. We are of the opinion that proof of an account for the sale and delivery of goods to Carl Hager by plaintiff, upon faith of representations made by defendant that he was a partner in the business operated by Carl Hager, was not a variance from the averments of the warrant, but was competent evidence in support of the cause of action stated in the warrant. Gratz v. Stump, Cooke, 493.

The views we have expressed herein are adverse to the contentions made by defendant through his assignments of error, and are in harmony with the rulings of the trial court. The assignments of error are therefore overruled and the judgment of the circuit court is affirmed, with interest and costs, against the defendant and his sureties.

Crownover and DeWitt, JJ., concur.