303 F.2d 880
 N. C. LEE, Individually and for the Use and Benefit of himself and the children of Nellie Lee, deceased, Plaintiff-Appellee,
v.
SOUTHERN RAILWAY COMPANY, Defendant-Appellant.
R. R. GRIGSBY, Jr., Administrator of the Estate of Ruby Carolyn Lee, deceased, Plaintiff-Appellee,
v.
SOUTHERN RAILWAY COMPANY, Defendant-Appellant.
 No. 14706.
 No. 14707.
 United States Court of Appeals Sixth Circuit.
 June 13, 1962.
 
 A. B. Bowman and Harry N. Fortune, Johnson City, Tenn., Phillips & Hale, Rogersville, Tenn., Simmonds, Bowman & Herndon, Johnson City, Tenn., of counsel, for defendant-appellant.
 H. E. Wilson, Kingsport, Tenn., Tom Rogan, Rogersville, Tenn., on brief; Wilson, Worley & Gamble, Kingsport, Tenn., of counsel, for plaintiffs-appellees.
 Before MILLER, Chief Judge, and McALLISTER and O'SULLIVAN, Circuit Judges.
 McALLISTER, Circuit Judge.
 
 
 1
 In these cases, brought to recover damages for the death of appellees' decedents, resulting from the alleged negligence of appellant, jury verdicts were returned in favor of appellees, on which judgments were entered.
 
 
 2
 A review of the record discloses that the evidence presented a case for the jury on the question of appellant's liability for negligence.
 
 
 3
 Appellant claims that the trial court erred in refusing to charge the jury, as requested by appellant, that "if contributory negligence appears during the plaintiffs' evidence, then the burden of proof of contributory negligence remains on the plaintiffs."
 
 
 4
 In Stewart v. Nashville, 96 Tenn. 50, 33 S.W. 613, 614 (1896) the court said that if, in proving the injury, and, in proving that defendant's neglect is the proximate cause of it, "there is anything in the evidence from which concurring negligence on the plaintiff's part may be inferred, then the burden would be on him to rebut or explain this. But, if the plaintiff can make out his case without such disclosure, and the defendant relies on contributory negligence, either to defeat or mitigate recovery, as to this defense, he becomes the actor, and his duty is to make it good by evidence, occupying with regard to it, the same attitude as does the party who relies on a release or payment when sued on a contract. * * *
 
 
 5
 "When to these considerations is added the force of the presumption, which is in accord with common experience * * *, that any man of sound mind will ordinarily avoid personal injuries, it seems to us that the rule which imposes upon the plaintiff the burden of showing care when there is nothing to suggest the want of it, in such a case as this, is unsound, and not in harmony with the general rules of evidence. And this is the view taken by a great number of courts. In these courts the rule obtains that the plaintiff has discharged his full duty when he has shown his injury and that the negligence of the defendants was its proximate cause. It then devolves upon the defendants to show contributory negligence as a matter of defense, the presumption being in favor of the plaintiff, that he was, at the time of the accident, in the exercise of due care, and that the injury was caused wholly by the defendant's negligent conduct." The court went on to say that the proper rule was that where the plaintiff's contributory fault does not appear upon his own testimony, the burden of proof to establish it rests upon defendant; and that the plaintiff is not bound to prove affirmatively that he was himself free from negligence. However, the court did say that where the duty of showing contributory negligence rested upon defendant, plaintiff must make out his case in full; and, where the circumstances attending the injury were such as to raise a presumption against him in respect to the exercise of due care, the law requires him to establish affirmatively his freedom from contributory negligence.
 
 
 6
 There are certain expressions in the foregoing opinion that are susceptible of the construction placed upon them by appellant, notably, the statement that where contributory negligence may be inferred from the evidence adduced by plaintiff, the burden is on the plaintiff to rebut or explain this.
 
 
 7
 However, in Memphis Street Railway Company v. Aycock, 11 Tenn.App. 260-268 (cert. denied by Tennessee Supreme Court, 1930) the Tennessee Court of Appeals held that if plaintiff's proof made out a case of contributory negligence, defendant might be relieved of the necessity of introducing any proof in order to carry the burden, but that nevertheless the burden of proof was upon the defendant. The court said:
 
 
 8
 "[The] whole contention of defendant * * * is set out as follows:
 
 
 9
 "`The error herein committed is that the court did not properly charge the jury with reference to the burden of proof on the issue of contributory negligence, where the plaintiff's own proof shows that he is guilty of such negligence. The court had charged the jury that the burden was on the defendant, and totally failed in any place to charge the jury that the burden was not on the defendant, if the plaintiff's own proof showed that he was guilty of contributory negligence which proximately caused the accident.' * * *
 
 
 10
 "This burden of proof may be made out from plaintiff's own negligence or otherwise. If plaintiff's proof makes out a case of contributory negligence, the defendant may be relieved of the necessity of introducing any proof in order to carry the burden, but this does not at all change the rule that the burden of proof is upon the defendant."
 
 
 11
 From the foregoing, it appears that, in Tennessee, the burden of proving contributory negligence is upon the defendant, and that this burden does not shift.
 
 
 12
 Whatever may be said of the force of appellant's argument as to the legal proposition it advances, the requested instruction was inapplicable, since it is our conclusion, from a review of the record, that there was nothing in plaintiffs' proof, from which contributory negligence of the decedents might be inferred, and nothing in the evidence to raise a presumption against decedents' exercise of due care. The trial court was therefore not in error in failing to give the instruction requested by appellant.
 
 
 13
 Appellant submits that the trial court erred in refusing to strike a paragraph in the complaint which alleged that appellant's engine was not equipped as required by law in that it failed to furnish the fireman an emergency brake that was accessible to him, and failed to instruct him prior to the accident, on the use of such brake.
 
 
 14
 In its instructions to the jury, the court mentioned this allegation in the complaint and appellant's denial that it was guilty of any negligence therein. From the appendices, constituting the record before us, there seems to have been little importance attached to this particular claim of negligence. The trial court merely mentioned the claim and appellant's denial. At the conclusion of the instructions to the jury, after objections were made by appellant's counsel to certain of them, the trial court asked counsel for all parties if there were any other objections to the charge, or any special requests for further instructions. None were mentioned or suggested with regard to the matter of the equipment of the engine, with which we are here concerned, and counsel for appellant stated that there were no objections, other than those previously addressed to the court.
 
 
 15
 We are, therefore, of the view that appellant's claim that it was reversible error on the part of the trial court to refuse to strike the specified portion of the complaint is without merit.
 
 
 16
 In accordance with the foregoing, the judgment of the district court is affirmed.