Marion C. WALLACE, Administratrix of the Estate of Carl A. Wallace, Deceased, and The Travelers Insurance Company, Plaintiffs-Appellees,

v.

LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant-Appellant.

No. 15398.

United States Court of Appeals Sixth Circuit.

May 21, 1964.

98

Harlan Dodson, Nashville, Tenn. (Hooker, Keeble, Dodson & Harris, Nashville, Tenn., on the brief), for appellant.

Jerry C. Colley, Columbia, Tenn., and Samuel McP. Glasgow, Jr., Nashville, Tenn. (MacFarland & Colley, Columbia, Tenn., Glasgow & Adams, Nashville, Tenn., of counsel), for appellee.

Before WEICK, Chief Judge, and MILLER and EDWARDS, Circuit Judges.

WEICK, Chief Judge.

The action in the District Court was brought by plaintiff, as administratrix of her deceased husband, to recover damages for his wrongful death arising out of a grade crossing accident occurring in Dresden, Tennessee. Jurisdiction was based on diversity of citizenship. The case was tried before a jury resulting in a verdict in favor of plaintiff in the amount of $35,000.

The only question presented in this appeal was whether the District Court erred in denying defendant's motion for a directed verdict.

The complaint charged common law negligence on the part of the railroad in operating its train at a high and excessive rate of speed, at a blind and dangerous crossing that was not properly marked, and without maintaining a proper lookout ahead. The railroad answered that it was not negligent in any respect and that plaintiff's decedent was contributorily negligent.

The decedent was driving a truck, towing another truck, in a northerly direction on a gravel road which became Linden Street as it entered the southerly limits of Dresden. The road was 16 feet in width and became paved about 195 feet south of the railroad crossing at about the bottom of a steep hill. The tracks crossed the road at the crest of the hill. In proceeding up the hill, vision to the west was obscured by a wooden building about 10 feet x 17 feet and 8½ feet high. This building was located about 30 feet south of the crossing and 9 feet west of the road. A sawmill building was located about 42 feet southwest of the wooden building. There were some bushes and small saplings

along the westerly side of Linden Street. There was a crossbuck sign located on the railroad right of way about 9½ feet south of the tracks. This sign was partially obscured by the wooden building and could not be fully seen until the building was passed. No warning signs were located on the easterly or right side of the road in the direction in which decedent was traveling. The tracks became visible near the crest of the hill. Within 30 feet south of the tracks there was unobstructed vision to the west and east for about three quarters of a mile. The train was coming from the west at the rate of about 45 miles an hour and collided with the cab of the truck which decedent was driving. There was testimony that the trucks were moving slowly and also that their speed was 30 miles an hour. It was not controverted that the whistle and bell on the train were blowing and ringing at the time. The day was cold and cloudy. The windows of the truck were rolled up.

Decedent lived at Centerville, Tennessee about 120 miles from Dresden. For several months prior to the accident he was foreman on a road building project south of Dresden. He lived for three to five weeks at a boardinghouse on Poplar Street in that city north of the tracks. In going to his place of employment, however, the closest route was over another crossing more than one quarter of a mile west of the crossing where the accident occurred.

No one saw decedent drive over the crossing in question prior to the accident. His widow, however, signed a statement to the effect that shortly before the accident they drove over this crossing, but at the trial she was not sure about it.

■ In considering a motion for a directed verdict, the rule in Tennessee required the court

"* * * to look to all the evidence, to take as true the evidence for the plaintiff, to discard all countervailing evidence, to take the strongest legitimate view of the evidence for the plaintiff, to allow all reasonable inferences from it in his favor; and if then there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion for a directed verdict must be denied."

Poe v. Atlantic Coast Line Railroad Co., 205 Tenn. 276, 284, 326 S.W.2d 461, 464; Baggett v. Louisville & Nashville Railroad Co., 365 S.W.2d 902, 904–905 (Tenn.Ct.App.)

■ The railroad was not required by Tennessee law to erect warning signs at crossings. That was the function of the overseers of public roads. Sections 65–1208, Subsection (1) 1955 Tennessee Code Annotated.

■■ Speed alone was not sufficient to impose liability on the railroad. Nor was a dangerous crossing alone, but a high and dangerous rate of speed in combination with a blind and dangerous crossing presented a question of fact to be determined by the jury. Stem v. Nashville Interurban Ry., 142 Tenn. 494, 221 S.W. 192; Louisville & N. Railroad Co. v. Frakes & Payne, 11 Tenn.App. 593, 606.

We think that the evidence and the inferences deducible therefrom required submission of the issue of negligence to the jury.

■ The burden of proof was upon the defendant to prove contributory negligence unless it appeared from plaintiff's evidence. Tennessee Cent. R. Co. v. Herb, 134 Tenn. 397, 183 S.W. 1011.

■ The decedent was required to stop, look and listen for approaching trains if he knew or in the exercise of ordinary care should have known of the crossing. Hurt v. Yazoo & M. V. R. Co., 140 Tenn. 623, 205 S.W. 437; Baltimore & Ohio Railroad Co. v. Goodman, 275 U.S. 66, 48 S.Ct. 24, 72 L.Ed. 167. The trouble here is that the evidence on this issue was sharply in dispute.

■ Decedent was a nonresident of the community. The jury could find from the evidence that he was not fa-

miliar with the crossing and did not even know of it. Under these circumstances, there was no duty on his part to look and listen before entering the crossing when he was not conscious, for an adequate reason, that he was approaching such a crossing. Hurt v. Yazoo & M. V. R. Co., supra. He did not have an unobstructed view to the west until he passed the wooden building 30 feet south of the crossing. If he was driving between 20 and 30 miles an hour at the time he was passing this building, he would have reached the tracks in about one second. This would allow no time for reaction. He could not see the tracks until he was close to the crest of the hill where they were located.

The fact that defendant did not erect the obstruction is immaterial since it had knowledge of the condition. Tennessee Central Ry. Co. v. Hayes, 9 Tenn. App. 116 at 122.

Although this was a close case, in our opinion, the issues of proximate and remote contributory negligence were properly submitted to the jury. The District Court did not err in denying the motion for a directed verdict.

Judgment affirmed.